# EXHIBIT A

DO NOT WRITE BEYOND HEAVY LINES

ABDUL HAMID ABDUL SALAAM AL GHAZZAWI

ISN 654    LIBYAN

Completed a form allowing you to represent him.
The form was from you via Jamal (RICHARD B..........)
Unfortunately he has not received any correspondence
from u till now.

He is in desperate need of a lawyer like u,
Because; i, It is the right of earl detainees.

ii, He's already spent 4 yrs without
legal representation.

iii, He is of a libyan nationality whose
government is reknown for political persecution.

iv, He is in a very poor health, which
deteriorates day after day. (Details to be discussed
with u in person)

should be a not be detained in such poor
health.

(v) He has a family that is in desperate
need of him

(vi) Would like to thank you for all your
effort to resolve our rights.

Awaits & Hopes for a reply as soon as possible.

Signed:

ABDUL HAMID ABDUL SALAAM
/10/05

I JAMAL ABDULLAH KIYEMBA have translated and written this statement
which I heard directly from ABDUL HAMID. This statement is
his direct request for a lawyer.                    Kiyemba
                                                    13/12/05

Reverse of DA FORM 2667-R, May 82

FOUO 1/06/06

# EXHIBIT B

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AL-GHIZZAWI,** | |
| *Petitioner,* | |
| v. | Civil Action No. 05-cv-2378 (JDB) |
| **GEORGE W. BUSH,** *et al.*, | |
| *Respondents/Defendants.* | |

**DECLARATION OF GITANJALI S. GUTIERREZ**

I, Gitanjali S. Gutierrez, declare that the following statements are true to the best of my knowledge, information, and belief:

1.  I am an attorney with the Center for Constitutional Rights (CCR), co-counsel for Petitioner Al-Ghizzawi in the above-captioned action.  I offer this Declaration in support of Petitioner Al-Ghizzawi's Motion for Entry of the Protective Order.

2.  Since December 2001, CCR has been coordinating the assignment of pro bono representation to prisoners in Guantánamo.  In this capacity, we have received authorizations from prisoners' family members and directly from prisoners themselves seeking legal representation to challenge the legality of their detention.

3.  Petitioner Al-Ghizzawi has been trying repeatedly to secure legal representation since the beginning of 2005 both directly on his own behalf and through fellow prisoners' willing to act as a Next Friend.  Petitioner is a citizen of Libya who has expressed concern to fellow prisoners that he will be subject to persecution if transferred to his home country for further imprisonment.  Consequently, he has been desperate to secure representation and consult with an attorney.  We have received numerous authorizations from Petitioner, described in detail below.    Although the phonetic

spelling of his name varies, including being listed as "Al Kasani" on some authorizations, we have confirmed that each request is from the Petitioner Al-Ghizzawi.

4. At the time Petitioner Al-Ghizzawi was seeking counsel, no other attorneys were representing a citizen from Libya and it was difficult to find an attorney willing to accept the burden of providing pro bono representation to Libyan citizens because of the additional expenses and legal issues.  The absence of large firms with clients from the same home country precluded cost-effective use of shared translators or travel costs and the Libyan clients face particular risks of further indefinite detention or persecution if transferred to their home country.

5. When Candace Gorman, Esq., contacted CCR to provide pro bono representation to a detainee, she agreed to represent Petitioner Al-Ghizzawi.  She filed a Petition for Writ of Habeas Corpus on his behalf on December 12, 2005.

6. On January 23, 2005, Brent Mickum, Esq., received a letter from his client Bisher Al-Rawi, a British resident and prisoner at Guantánamo, informing Mr. Mickum that Petitioner Al-Ghizzawi wanted legal representation.   Mr. Mickum submitted this information for classification review by the Privilege Review Team and we received the request for representation at CCR on March 1, 2005.

7. During approximately the same period of time, we also received a request for legal assistance by Petitioner Al-Ghizzawi from Clive Stafford Smith, Esq.  We received an undated document, "Request for Legal Assistance," signed directly by Petitioner Al-Ghizzawi requesting legal counsel.

8. On April 26, 2005, Petitioner Al-Ghizzawi executed the "Acknowledgement of Representation" form included in the Amended Counsel Access Procedures and

provided this form and an additional request for counsel to a fellow prisoner who was a client of Allen & Overy, LLP. Habeas counsel from Allen & Overy submitted these documents for classification review and CCR received the authorization for representation and request for counsel on June 29, 2005.

9. On July 1, 2005, Petitioner Al-Ghizzawi executed another request for counsel with Jamal Kiyemba, a British resident and fellow detainee, who had legal representation. Petitioner Al-Ghizzawi instructed Mr. Kiyemba to write an authorization in English communicating Petitioner's direct request for legal representation and authorizing Mr. Kiyemba to act as Petitioner's Next Friend for purposes of filing a habeas petition. Mr. Kiyemba's lawyer, Clive Stafford Smith, Esq., submitted these documents for classification review and CCR received them on July 22, 2005.

10. Mr. Stafford Smith also executed a declaration on July 19, 2005, setting forth the verbal requests for legal representation that other prisoners had conveyed to his client, Bisher Al-Rawi. Petitioner Al-Ghizzawi is listed among those individuals seeking legal representation, although the spelling of his name is "Al Kasani."

11. During the undersigned counsel's meeting with Jamal Kiyemba in December 2005 at Guantánamo, Mr. Kiyemba provided an additional request for authorization from Petitioner Al-Ghizzawi that was translated by Mr. Kiyemba. I submitted this document for classification review and CCR received the request for legal representation on January 6, 2006.

12. The last request for counsel from Petitioner that CCR received was a verbal request conveyed by a fellow prisoner to his attorney during a client visit at Guantánamo in mid-January 2006. The counsel verbally communicated to me that Mr. Al-Ghizzawi was still seeking legal representation.

3

13. To my knowledge, Mr. Al-Ghizzawi is unaware that he now has legal representation.

14. I have interim secret security clearance and have a client visit with other petitioners at Guantánamo approved for March 8-14, 2006.

15. Pursuant to the Respondents' position, I am unable to communicate with Petitioner Al-Ghizzawi and am prohibited from conducting an attorney-client meeting with him because the Protective Order has not been entered in this case.

16. I declare, under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 26th day of February, 2006 in Ithaca, New York.

_____/s/_____
Gitanjali S. Gutierrez

4

# EXHIBIT C

-----Original Message-----
From: hcgorman@igc.org [mailto:hcgorman@igc.org]
Sent: Monday, January 30, 2006 4:00 PM
To: Henry, Terry (CIV); Warden, Andrew (CIV)
Subject: entry of protective order

In re:  ABDUL HAMID ABDUL SALAM AL-GHIZZAWI, Detainee,

          05-cv-2378

Dear Counsel,

I have submitted my documents for security clearance and I would like
to have the protective order entered in my case so that I can meet with
my client as soon as possible after I receive security clearance.
I would appreciate it if you would advise me regarding your position in
this matter.

Thank you,
H. Candace Gorman

H. Candace Gorman, Esq.
542 S. Dearborn
Suite 1060
Chicago Il. 60605
312-427-2313


-----Original Message-----
From: "Andrew.Warden@usdoj.gov" <Andrew.Warden@usdoj.gov>
Sent: Feb 1, 2006 9:05 AM
To: "hcgorman@igc.org" <hcgorman@igc.org>
Subject: RE: entry of protective order

Ms. Gorman,

In light of the Detainee Treatment of Act of 2005, we cannot consent
to entry of the November 8, 2004 Amended Protective Order, or the two
supplemental orders issued by Judge Green (November 10, 2004 order
regarding protected information designation procedures; and December
13,2004 supplement to the Protective Order regarding filing
procedures).

On a separate note, please provide us with a copy of the Declaration
of Ali Yehya Mahdi Al-Rimi.  It appears that this declaration --
referred to as Exhibit A in the petition -- was not filed with the
Court.  We were unable to locate a copy of it on the Court's ECF system
and it was not attached to the petition.

Best Regards,
Andrew

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch 20 Massachusetts Ave., NW,
Room 6120 Washington, DC 20530

Tel: 202.616.5084
Fax: 202.616.8460


-----Original Message-----
From: hcgorman@igc.org [mailto:hcgorman@igc.org]
Sent: Wednesday, February 01, 2006 11:16 AM
To: Warden, Andrew (CIV)
Subject: RE: entry of protective order

Mr. Warden,
    Thank you for getting back to me regarding the protective order.
First let me apologize for the error in not having the attachment
attached to the complaint.  I didn't realize it was not part of the
court record. It seems it was attached to the hard copies that we filed
but it was not attached to the copy on the disk that we sent to the
court.  I am attaching it to this email and I will file a motion this
week to make sure it is part of the court file.
    As to the protective order I am a little confused.  I would like to
get to the base to visit with my client as soon as I receive my
security clearance.  Is there a new protective order that is going to
be used or is it just not necessary to have a protective order in place
for the visit?
Thanks again for getting back to me and for pointing out the problem
with the attachment.
Very Truly Yours,
Candace

btw please call me Candace


-----Original Message-----
From: Andrew.Warden@usdoj.gov [mailto:Andrew.Warden@usdoj.gov]
Sent: Wednesday, February 01, 2006 11:39 AM
To: hcgorman@igc.org (Receipt Notification Requested) (IPM Return
Requested)
Subject: RE: entry of protective order

Candace,

Thanks for the declaration.  Regarding the protective order, the Nov. 8
Order is currently governing counsel access to Guantanamo.  While we
previously consented to its entry, we are no longer in a position to do
so given the passage of the Detainee Treatment Act of 2005.  You may,
of course, move for entry of the protective order, but we will oppose
your motion.  Further, we cannot begin the process of arranging a visit
to Guantanamo until, among other things, the protective order is
entered by the Court and you have a security clearance.

Best regards,

Andrew

-----Original Message-----
From: Candace Gorman [mailto:hcgorman@igc.org]
Sent: Wednesday, February 01, 2006 11:58 AM
To: 'Andrew.Warden@usdoj.gov'
Subject: RE: entry of protective order

Andrew,  I thought that the stay that was in place at the district
court
level stated that counsel visits were not in jeopardy.  I did not
understand
that the government was taking the position that attorneys could not
visit
with their clients.  Is this a new policy? Are other counsel not being
allowed to go to Guantanamo?

H. Candace Gorman, Esq.
542 S. Dearborn
Suite 1060
Chicago Il. 60605
312-427-2313

# EXHIBIT D

**Candace Gorman**

| | |
|---|---|
| **From:** | Mcpalmer, Teresa A CDR Code 14 [teresa.mcpalmer@navy.mil] |
| **Sent:** | Thursday, February 02, 2006 11:05 AM |
| **To:** | Agnieszka Fryszman; Alan Pfeuffer; Alan Sussman; Amy Baggio; Anant Raut; Andrea George; Angela Campbell; Anna Holland; Arnold Natali; Baher Azmy; Barbara Olshansky; Ben Jacewicz; Beth Gilson; Beth Jacob; Billy Nolas; Brent Mickum; Bridget McCormack; Bryan Joshua Colangelo; Candance Gorman; Carl Lietz; Carol Bruce; Charles Travis; Chris Moore; Chris Schatz; Christine Dahl; Clark Hodgson; Clive Smith; Cody M. Weston (Perkins Coie) (E-mail); David Hickerson; David Remes; David Sleigh; Desmond McCallum; Doug Mulkoff; Edmund Burke; Edward Shaw; Eldon Greenberg; Emily Meazell; Emmett Bondurant; Erwin Chemerinsky; George Clarke; George Daly; Gita Gutierrez; Gordon Woodward; Greg Smith; GT Hunt; Harvey Schwartz; Heather Rogers; Howard Manchel; Ian Wallach; James R. Alsup; James Wade; Jan Kitchel; Jane Barrett; Jared Goldstein; Jeff Davis; Jeff Ertel; Jeff Lang; Jennifer Argabright; Jerry Cohen; Joe Margulies; John Chamberlin; John Chandler; John Connolly; John Lundquist; John Minock; Jonathan Hafetz; Joseph O'Neil; Joshua Denbeaux; Judith Chomsky; Julia Dekluiver; Julia Tarver; Kevin Boris; Louis Marjon; Marc Falkoff; Marc Goldman; Marjorie Smith; Mark Denbeaux; Martha Rayner; Martin Bahl; Mary Petras; Matthew Dodge; Michael Mone; Michael Rapkin; Michael Smith; Muneer Ahmad; Murray Fogler; Nancy Hollander; Neil Katyal; Neil Koslowe; Pat Bronte; Paul Curnin; Paul Leder; Paul Rashkind; Paul Reichler; Paul Schoeman; Peter Ryan; Rachel Clingman; Randy Coyne; Reginald McKnight; Richard Coughlin; Richard Cys; Richard Girgg; Richard Soble; Rob Kirsch; Robert Gensburg; Robert Rachlin; Rodger Eddleman; Rufus Pennington; Sabin Willett; Sam Kauffman; Sarah Havens; Scott Barker; Scott O'Connell; Sergio Rodriguez; Stephen Demik; Stephen Truitt; Steve Wax; Stewart Eisenberg; Suhana Han; Susan Manning; Sylvia Royce; Thomas Belsky; Tom Johnson; Tom Sullivan; Trip Macintosh; Walter Lesnevich; Wes Powell; William Brenna; William Murphy; William Wertheimer |
| **Subject:** | COUNSEL SUBMISSION FOR ARB 2 |
| **Attachments:** | COUNSEL SUBMISSION FACT SHEET FOR ARB 2.pdf |

**Scanned By ClamWin:** 1300

Ladies and gentlemen,
The Office for the Administrative Review of the Detention of Enemy Combatants
(OARDEC) informs you of your opportunity to provide input regarding your client for
review and consideration by the 2006 Administrative Review Boards (ARBs). If you
submitted matters to the ARB process last year on behalf of your client, those
matters are already part of your client's records and will be considered by the
2006 ARB. There is no need for you to resubmit the same or similar documents. If
you have new information that will aid the ARBs in assessing the threat your client
may continue to pose to the U.S. or its allies, you can submit that information
through the process described in the attached fact sheet. The Privilege Review
Team must receive your submission no later than 24 February 2006; OARDEC cannot
guarantee that materials received after that date will be included in the ARB
hearings. Please note that the OARDEC Legal Advisor will acknowledge receipt of
your submission but will not be able to answer any substantive or procedural
questions about your client's ARB last year or this year.
Sincerely,
Terri McPalmer
CDR, JAGC, U.S. Navy

**Fact Sheet for Habeas Counsel Regarding Administrative Review Boards (ARBs)**

- **THE ADMINISTRATIVE REVIEW BOARD PROCESS**. The ARBs are an administrative review process to annually assess whether there is reason to believe that an enemy combatant might pose a continuing threat to the United States or its allies in the ongoing conflict against al Qaeda and its affiliates and supporters, and whether there are other factors warranting the enemy combatant's continued detention. The ARBs began in December 2004. Information on the ARB procedures can be obtained through the Department of Defense website at http://www.defenselink.mil/releases/2004/nr20040915-1253.html.

- **TIMING OF ARBS**. The Office for the Administrative Review of the Detention of Enemy Combatants (OARDEC) schedules and conducts all ARB hearings. OARDEC will not be providing information to counsel on the scheduling or outcomes of the ARBs.

- **COUNSEL INVOLVEMENT.** Counsel are not permitted to represent the detainee in the ARB hearing. However, as discussed below, counsel are provided the opportunity to submit information to the ARB if counsel believes that information is relevant to the assessment that his/her client is no longer a threat to the United States or its allies.

- **TIMING FOR SUBMISSION OF COUNSEL MATERIALS**.

  o February 24, 2006 is the deadline for counsel submissions for the 2006 ARB hearings. All submissions received by the Privilege Review Team by that deadline will be provided to the ARBs. Submissions received after that deadline will be provided to the ARB if it has not occurred prior to receipt. If your client's ARB occurs before the Privilege Review Team receives your submission, the information will be retained for consideration at your client's next annual review if he remains in detention.

  o Any materials submitted last year will be provided to the 2006 ARB so there is no need for you to resubmit the same or similar documents.

- **CLASSIFICATION REVIEW AND MARKING.** In order for OARDEC to conduct a proper classification review of your submissions, information submitted by counsel for consideration in an ARB hearing <u>must</u> clearly annotate the sources for any portions that include references to classified, protected, or "For Official Use Only" (FOUO) information. Without the source information, we cannot properly label the documents with the appropriate classification markings; without proper markings, the documents will not be used in the ARB process. Therefore, you should annotate your submission by indicating what information is derived from classified, protected, or FOUO sources, and indicate what document(s) that information came from (e.g., "classified exhibit R-17 to the CSRT"). This will enable us to go to the source document and then determine the proper classification level of that portion of your submission. It is the responsibility of counsel to follow all applicable information security regulations with respect to the handling of classified, protected, or FOUO information. Counsel should work closely

with the designated Court Security Officers to ensure compliance with security regulations.

- **HOW TO SUBMIT INFORMATION FOR ARB CONSIDERATION.** If you have information to submit that does not refer to classified or protected information, you must mail it to the Privilege Review Team. The Team will ensure that your submission is delivered to the OARDEC Legal Advisor. If your submission includes references to classified or protected information, you must provide that document to the Privilege Review Team at the secure facility. A member of the Team will ensure it is properly marked and transmit it to the OARDEC Legal Advisor. The Legal Advisor will contact you to confirm receipt of your classified and unclassified submissions but will not provide any further details regarding the processing of your submission.

  o  Unclassified material should be mailed to:

Privilege Review Team - REF - ARB Submissions
U.S. Department of Justice
Litigation Security Section
20 Massachusetts Avenue, NW
Suite 5300
Washington, DC  20530

This information is provided to you solely to identify points of contact to facilitate the transmission of your submissions to the ARB. Neither the Privilege Review Team nor the OARDEC Legal Advisor is permitted to discuss other matters with you regarding your client's ARB. This includes your suggestions on how and when ARBs should be conducted, your questions about ARB procedures, and other such matters.

# EXHIBIT E

-----Original Message-----
From: hcgorman@igc.org [mailto:hcgorman@igc.org]
Sent: Thursday, February 02, 2006 1:32 PM
To: Warden, Andrew (CIV)
Subject: FW: entry of protective order

Andrew,  I know you have not had time to respond to my last email of
yesterday and now I have another question.  I just received an email
from Terri PcPalmer, CDR, JAGC of the U.S. Navy telling me that I can submit
input regarding my client to OARDEC but that it has to be submitted by
February 24th.  I need my clients CSRT in order to respond to the
questionnaire.  Do I need the protective order entered in order to obtain the
CSRT? Can I get the CSRT on an expedited basis so that I can make a
submission to OARDEC?
Thank you for your help regarding my many questions,

H. Candace Gorman, Esq.
542 S. Dearborn
Suite 1060
Chicago Il. 60605
312-427-2313




-----Original Message-----
From: Andrew.Warden@usdoj.gov [mailto:Andrew.Warden@usdoj.gov]
Sent: Thursday, February 02, 2006 1:32 PM
To: hcgorman@igc.org (Receipt Notification Requested) (IPM Return
Requested)
Subject: RE: entry of protective order

Candace,

Counsel visits are continuing every day at Guantanamo.  However, in
order to schedule a visit to Guantanamo, there are several prerequisites that
must be established, including entry of the relevant protective orders.
Although we were previously consenting to entry of the protective orders, we
are no longer in a position to do so because of the enactment of the Detainee
Treatment Act of 2005.  For those counsel who have established the necessary
prerequisites (e.g., security clearance, entry of the protective order,
legally authorized habeas petition), we are continuing to schedule visits at
this time.

The e-mail you received from CDR McPalmer relates solely to the
Department of Defense's Administrative Review Board process, which is
entirely distinct from the habeas litigation and the CSRTs.  Consequently, we
cannot agree to provide you with petitioner's CSRT documents for use in those
proceedings or otherwise.  In any event, we have consistently opposed motions
for production of the CSRT records because of the stay of proceedings in the
Guantanamo habeas cases and the burdens associated with such production.

Regards,
Andrew

# EXHIBIT F

```
----Original Message-----
From: hcgorman@igc.org [mailto:hcgorman@igc.org]
Sent: Thursday, February 23, 2006 11:24 AM
To: Warden, Andrew (CIV)
Subject: RE: entry of protective order


Andrew,

As you may recall I asked you for a copy of my clients CSRT on an
Expedited basis so that I would have some information regarding my client for
my response to the  ARB which is due tomorrow.
I have just learned that the government has decided not to appeal AP v.
DOD and I therefore renew my request for my clients CSRT immediately.


Thank You,
Candace

H. Candace Gorman, Esq.
542 S. Dearborn
Suite 1060
Chicago Il. 60605
312-427-2313




-----Original Message-----
From: Andrew.Warden@usdoj.gov [mailto:Andrew.Warden@usdoj.gov]
Sent: Thursday, February 23, 2006 4:16 PM
To: hcgorman@igc.org (Receipt Notification Requested) (IPM Return
Requested)
Subject: RE: entry of protective order


Candace,

Thanks for your e-mail.  While you are correct that the government will
Not be appealing Judge Rakoff's order in AP v. DoD, No. 05-3941 (SDNY), we
are not in a position to supply CSRT records in the context of this
litigation.


Best regards,
Andrew

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084
Fax: 202.616.8460
```

# EXHIBIT
# G

February 23, 2006


Administrative Review Board
c/o Privilege Review Team-REF-ARB Submissions
U. S. Department of Justice
Litigation Security Section
20 Massachusetts Ave., NW, Suite 5300
Washington DC 20530


### ARB hearing for Abdul Hamid Abdul Salam Al- Ghizzawi. ISN # 654


DEAR MEMBERS OF THE BOARD:

I submit this letter in response to an email I received on February 2, 2006 from Teresa A. McPalmer of the US Navy (attached as Ex. A). That email informed me of the "opportunity" to provide input regarding my client within three weeks. My client has been held in detention for more than four years and it is fundamentally unfair to provide counsel with a mere three weeks to provide input that could possibly be important in securing an innocent man's release.

Let me start out by stating that I have not yet been allowed to meet with my client or communicate with him in any manner, nor have I received any information from the government as to the reasons why my client has been held these four plus years.  Without knowing the reasons for Mr. Al-Ghizzawi's detention, it is impossible to address those reasons or the factual basis for continuing to detain him. When I have the opportunity to see my client and learn of the reasons (or more likely the lack thereof) for his detention I will supplement this submission and I expect that the supplement will be reviewed in a timely manner and Mr. Al-Ghizzawi will be released (unless, that is, he is released sooner).

**PERSONAL INFORMATION**
The only personal information I have regarding Mr. Al-Ghizzawi (other than his name and ISN number) is that he is a native of Libya, he has been held for more than four years, he desperately wants an attorney to consult with, he is in poor health and his health is worsening and that he has a family that needs him. (Ex. B)  It is also clear from Ex. B that Mr. Al-Ghizzawi does not want to be sent back to Libya.

**PROCEDURAL BACKGROUND**

On December 12th, 2005 the District Court received the Habeas Petition I filed on behalf of Mr. Al-Ghizzawi and on January 20th, 2006 I submitted the paperwork for my security clearance. On January 30th, I contacted Mr. Andrew Warden, at the *Department of Justice* by email, regarding the entry of the Protective Order that was entered in the other Guantánamo cases. The protective order allows us access to our clients and classified information subject to certain restrictions and procedures. I wanted to be prepared to go to Guantánamo and visit with my client as soon as the security clearance was completed. I was informed by Mr. Warden in a responsive email that the *Department of Justice* will no longer consent to the entry of the protective order "in light of the Detainee Treatment Act of 2005" (he did not offer an explanation as to what the Detainee Treatment Act of 2005 had to do with the protective order). (Ex. C) Upon further inquiry, Mr. Warden stated that I could not begin the process of arranging a visit with my client until the protective order is entered and that the government would oppose any motion to have the protective order entered. (Ex. D)

On February 2, 2006, after I received the email from the U.S. Navy requiring submissions no later than February 24th, 2006, (Ex. A) I again emailed Mr. Warden and requested the CSRT for my client on an expedited basis so that I would at least have some information regarding my client to submit in response to the Navy's request. Mr. Warden refused my request, stating that I didn't need that information for this process and anyway it was too burdensome for the *Department of Justice* to photocopy the document. (Ex. E) The fact that the *Department of Justice* thinks it is too burdensome to explain why someone is being held in indefinite detention will be left for another day, but to claim it is too burdensome to photocopy a small document that is readily available to the government is complete nonsense.

To date, I have not obtained any record of the Combatant Status Review Tribunal for my client. I can tell you however, that I have reviewed the public version of the Tribunals (which was obtained by the Associated Press under FOIA) and the "process" that was afforded my client and the other detainees in those tribunals is abhorrent. In many of the hearings there was not even an attempt to clarify dates (and dates of course were crucial in many of the instances) because no one was available to translate the Gregorian calendar from the Arabic calendar. The CSRT's show the great injustice that was done in the sweeps that landed these men in Guantánamo. Examples include, the illiterate goat farmer who was picked up while he was trying to apprehend one of his wayward goats, an amputee who had been in various hospitals for the several months before his arrest trying to get a leg that fit and a medical student who was trying to get his religious studies completed cheaply and quickly so he could move on with his studies. It was clear from those proceedings that many of the detainees were picked up for a bounty and were not on any "battlefield" (unless we are declaring the entire Middle East a battlefield). It was also clear that there were no reliable witnesses who saw the individual detainees do anything against our country or our interests, and the witnesses that the detainees sought, attempting to prove their innocence, were most

often not available.  Couple that with the torture and inhumane conditions that my client and the other detainees have been, and continue to be, subjected and you find what we here in Chicago call "justice, Texas style".


**DUE PROCESS FAILURES**

While I understand that the ARB hearings are not designed to revisit "enemy combatant" determinations, the procedures used in the CSRT process clearly failed to provide even the most basic elements of due process of law.  This fact was reiterated by the United Nations in its recent report on the "Situation of Detainees at Guantánamo Bay" (February 15, 2006).

To the extent that this Board relies on any information not made available to me as counsel for Mr. Al-Ghizzawi, such as the CSRT record or any other proceedings, I demand that this information be made available to me immediately. The use of "secret" information to justify my client's ongoing detention follows the worst traditions in the gulags of the former soviet regime and the totalitarian regimes from which we had so proudly distinguished ourselves until so very recently.


**CONCLUSION**

The detainment of Mr. Al-Ghizzawi at Guantanamo Bay Cuba has been a grave injustice.  The most basic of human liberties, physical freedom, has been denied my client for over four years.  Having read most of the public CSRT's, it is clear that Mr. Al-Ghizzawi and the other detainees pose no harm or threat to the United States, its people or its allies and it is impossible for the detainees to have any intelligence value for the United States. Mr. Al-Ghizzawi should be released immediately.

As Counsel for Mr. Al-Ghizzawi, I have not been provided a meaningful opportunity to consult on the ARB submission or to rebut factual and legal assertions and conclusions with which my client would most certainly fundamentally disagree. On behalf of Mr. Al-Ghizzawi, I reserve the opportunity to respond in full after obtaining all information in the government's possession regarding my client and the accusations against him, I also reserve all rights to challenge the legality and adequacy of the CSRT and ARB procedures under U.S. law and International law.

I look forward to your response.

Very Truly Yours,



H. Candace Gorman


/Enclosures