IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDUL HAMID ABDUL SALAM AL-GHIZZAWI**<br>    Detainee,<br>    Guantanamo Bay Naval Station<br>    Guantanamo Bay, Cuba;<br><br>*Petitioner*,<br><br>*v.*<br><br>**GEORGE W. BUSH,** *et al.*,<br><br>*Respondents.* | **Civil Action No. 05-cv-02378**<br><br>**Judge John B. Bates** |

## RENEWED EMERGENCY MOTION FOR ENTRY OF THE PROTECTIVE ORDER, AND OTHER RELIEF TO RENDER ACCESS TO CLIENT MEANINGFUL

PLEASE TAKE NOTICE that on such date as the Court shall determine, Petitioners, by and through undersigned counsel, shall move for an order for the entry of the Amended Protective Orders as set forth in the accompanying Memorandum in Support of Petitioners' Motion.[1]

Dated: June 2nd 2006

/s/ H. Candace Gorman
H. Candace Gorman

---

[1] This motion is properly referred to Magistrate Judge Alan Kay for consideration pursuant to the Order of the Calendar and Case Management Committee, Kessler, J., Chair (hereinafter "Kessler Order"), referring "all Motions pertaining to interpretation or construction of any protective order which has been entered in any of the [Guantanamo Bay *habeas*] cases" for resolution pursuant to LCvR 72.2(a), as well as "all disputes pertaining to logistical issues, such as communications with or visits to clients and counsel." Kessler Order, Nov. 2, 2005.

H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis  (IL Bar #6285095)
Law Office of H. Candace Gorman
542 S. Dearborn – Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313
Fax: (312) 427-9552

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDUL HAMID ABDUL SALAM AL-GHIZZAWI**<br>    Detainee,<br>    Guantanamo Bay Naval Station<br>    Guantanamo Bay, Cuba;<br><br>*Petitioner*,<br><br>v.<br><br>**GEORGE W. BUSH,** *et al.*,<br><br>*Respondents.* | Civil Action No. 05-cv-02378<br><br>Judge John B. Bates |

### MEMORANDUM IN SUPPORT OF PETITIONER'S RENEWED EMERGENCY MOTION FOR ENTRY OF THE PROTECTIVE ORDER, AND OTHER RELIEF TO RENDER ACCESS TO CLIENT MEANINGFUL

Now comes Abdul Hamid Abdul Salam Al-Ghizzawi (hereinafter Al-Ghizzawi), by and through his counsel, and asks this Court to grant Petitioner's Renewed Emergency Motion for Entry of the Protective Order, and other relief, as described herein:

1. On December 12, 2005, Counsel filed a Petition for Habeas Corpus on behalf of Mr. Al-Ghizzawi pursuant to a written request from another Detainee who stated that Mr. Al-Ghizzawi requested an attorney and was willing to sign a document regarding the representation. Counsel filed a motion seeking to amend that petition on February 24, 2006 after receiving a direct request signed by her client urgently seeking representation. As shown by the document, Mr. Al-Ghizzawi has been at Guantanamo for more than four years, during which time he claims his health has become very poor and continues to deteriorate each day. (Ex. A)

2. On February 27, 2006 Counsel for Plaintiff filed an Emergency Motion for Entry of the Protective order and other relief after receiving the document signed by her client (Ex. A) in which he stated that his health was poor and worsening. On March 3, 2006, the Hon. Judge Bates held the Motion in abeyance while awaiting

3

a decision regarding the DTA and the court's jurisdiction. In that order, the Court stated it would not entertain entering the protective order in "the absence of any showing by petitioner that he faces a concrete, impending, and irreparable harm or that some other exigency warrants immediate intervention by this Court."

3. Counsel respectfully submits to this Court that the DTA does not prevent Petitioners from retaining and consulting with a lawyer in order to file a proceeding in the District of Columbia Circuit Court.[2] Thus, delaying counsel's access to her client undermines the resolution of petitioners' legal claims, whatever shape those claims may eventually take.[3] "[T]he need to resolve questions regarding the logistics of counsel access will remain an issue, even if the D.C. Circuit and the Supreme Court determine that the DTA applies to those habeas cases currently pending in the District Court." *Adem v. Bush,* No. 05-723 (RWR) (AK), Mem. Op. at 22 n.25 (D.D.C. Mar. 21, 2006) (dkt no. 36); *Sadar Doe v. Bush,* No. 05-1704 (JR)(LFO)(AK), Mem. Op. at 13 n. 14(D.D.C. May 11, 2006) (dkt no. 33). Moreover, there is ample precedent for entry of the standard Protective Order by judges of this Court since the enactment of the DTA.[4]

4. Now Plaintiff has learned from another counsel that that Mr. Al-Ghizzawi is suffering from a liver ailment, that he has lost a lot of weight and his health is worsening. (Ex. B) Counsel also states that it is impossible to provide anything more concrete than a letter from her client (which was given to another detainee and then to his attorney and finally passed on to this counsel and now more recently, a communication from another counsel), when she is not allowed to communicate in any fashion with her client. The letter signed by Mr. Al-Ghizzawi shows that there is a medical issue which is now confirmed by an email from another counsel. Counsel would like to visit with her client to determine what his medical status is and what is being done to treat it.

---

[2] Detainees may be provided by civilian counsel retained by the detainee, his friends or family, or retained by the court. *See* U.S. Department of Defense, GTMO Detainee Processes (November 14, 2005) at: http://www.defenselink.mil/news/Jan2006/d20060215detaineeprocesseschart.pdf.

[3] "Forcing [Petitioner] to wait until all such proceedings and appeals are concluded before permitting him to speak with his lawyer renders his right to counsel meaningless." *Adem v. Bush,* No. 05-723 (RWR) (AK), Mem. Op. at 22 n.25 (D.D.C. Mar. 21, 2006) (dkt no. 36).

[4] *See e.g., Faizullah v. Bush*, 05-cv-01489 (D.D.C. April 21, 2006); *Sohail v. Bush*, 05-cv-00993 (D.D.C. April 21, 2006); *Al Salami v. Bush*, 05-cv-2452 (D.D.C. Apr. 14, 2006); *Zadran v Bush*, 05-cv-2367 (D.D.C., Apr. 12, 2006); *Alsaaei v. Bush*, 05-cv-2369 (D.D.C., Apr. 12, 2006); *Said v. Bush*, 05-cv-2384 (D.D.C., Apr. 12, 2006); *Al Shareef v. Bush*, 05-cv-2458 (D.D.C., Apr. 12, 2006); *Awad v. Bush*, 05-cv-2379, (D.D.C. Apr. 11, 2006); *Thabid v. Bush*, 05-cv-2398 (D.D.C., Mar. 21, 2006); *Razakah v. Bush*, 05-cv-2370 (D.D.C., Mar. 17, 2006); *Labed Ahmed v. Bush*, 05-cv-1234 (D.D.C., Mar. 2, 2006); *Wahab v. Bush*, 05-cv-886 (D.D.C., Jan. 10. 2006); *Mohammad v. Bush*, 05-cv-879 (D.D.C., Jan. 9, 2006); *Bostan v. Bush*, 05-cv-883 (D.D.C., Jan. 9, 2006); *Khiali-Gul v. Bush*, 05-cv-877 (D.D.C., Jan. 6, 2006).

5. Petitioner, Al-Ghizzawi, has been *desperately* seeking counsel's assistance for well over one year. Many of the attorneys that have gone to Guantanamo have reported back to the Center for Constitutional Rights (CCR) of the anxious cry for an attorney from Mr. Al-Ghizzawi and Attorney Gutierrez from CCR has a request in for a visit to Guantanamo the week beginning July 5th, 2006 and is willing to meet with Mr. Al-Ghizzawi if the protective order were to be entered so that Mr. Al-Ghizzawi will have some contact with legal counsel until such time as this counsel can obtain a date from the government for a visit. (Ex. C)

6. Counsel for Petitioner has now obtained her security clearance. Counsel for Petitioner would like to meet with her client as soon as possible to let him know that he does have counsel working on his behalf and she would like to learn details about his physical and mental health, the adequacy of the medical care being provided to him, the facts surrounding his detention and other matters. This meeting cannot take place without entry of the Protective Order. Counsel cannot even send her client letters through the legal mail system without entry of the Protective Order, making it impossible to communicate with him. Counsel has confirmed with DOJ attorney Andrew Warden that she is not allowed to communicate with her client through attorney mail and that the government contnues to oppose this motion.

WHEREFORE because the Protective Order governs procedures by which counsel may meet and communicate with clients through the legal mail system and because the Protective Order does not impact the substantive legal issues raised by Guantánamo *habeas* petitions and the DTA, Petitioner respectfully asks this Court to enter the Protective Order in this case and to grant any further relief this Court seems just and proper.

Respectfully Submitted,

s/ H. Candace Gorman
Counsel for Petitioner

H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis (IL Bar #6285095)
Law Office of H. Candace Gorman
542 S. Dearborn  Suite 1060
Chicago, IL 60605
Tel: (312) 427-2313

5

## CERTIFICATE OF SERVICE

I, H. Candace Gorman, certify that I today caused a true and accurate copy of the foregoing to be served upon the following persons through service that automatically occurs by virtue of my electronic filing of this document:

>Terry Henry, Esq., Senior Trial Attorney
>Andrew I. Warden, Esq., Trial Attorney
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Ave., NW, Room 7144
>Washington, DC 20530

This 2nd day of June, 2006.

>/s/ H. Candace Gorman
>H. Candace Gorman

H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis (IL Bar #6285095)
Law Office of H. Candace Gorman
542 S. Dearborn – Suite 1060
Chicago, IL 60605
Tel: (312) 427-2313
Fax: (312) 427-9552