IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDUL HAMID ABDUL SALAM AL-GHIZZAWI**<br>　　Detainee,<br>　　Guantanamo Bay Naval Station<br>　　Guantanamo Bay, Cuba;<br><br>*Petitioner*,<br><br>*v.*<br><br>**GEORGE W. BUSH**, *et al.*,<br><br>*Respondents.* | Civil Action No. 05-cv-02378<br><br>Judge John B. Bates<br><br>Magistrate Judge Alan Kay |

## EMERGENCY MOTION TO COMPEL RESPONDENTS' COMPLIANCE WITH THE PROTECTIVE ORDER AND OTHER RELIEF

PLEASE TAKE NOTICE that on such date as the Court shall determine, Petitioners, by and through undersigned counsel, shall move for an order compelling Respondents' compliance with the Protective Order entered in this case on June 2, 2006 and for other relief as set forth in the accompanying Memorandum in Support of Petitioner's Motion.[1]

Dated: June 12th 2006

　　　　　　　　　　　　　　　　　　　　　　　　/s/ H. Candace Gorman_
　　　　　　　　　　　　　　　　　　　　　　　　　　H. Candace Gorman

H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis (IL Bar #6285095)
Law Office of H. Candace Gorman
542 S. Dearborn – Suite 1060
Chicago, IL 60605
Tel: (312) 427-2313

---

[1] This motion is properly referred to Magistrate Judge Alan Kay for consideration pursuant to the Order of Judge Bates dated June 2nd, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDUL HAMID ABDUL SALAM AL-GHIZZAWI**<br>    Detainee,<br>    Guantanamo Bay Naval Station<br>    Guantanamo Bay, Cuba;<br><br>*Petitioner*,<br><br>v.<br><br>**GEORGE W. BUSH,** *et al.*,<br><br>*Respondents.* | Civil Action No. 05-cv-02378<br><br>Judge John B. Bates<br>Magistrate Judge Alan Kay |

**MEMORANDUM IN SUPPORT OF PETITIONER'S EMERGENCY MOTION TO COMPEL RESPONDENTS' COMPLIANCE WITH THE PROTECTIVE ORDER AND OTHER RELIEF**

Now comes Abdul Hamid Abdul Salam Al-Ghizzawi (hereinafter Al-Ghizzawi), by and through his counsel, and asks this Court to grant Petitioner's Motion to Compel Compliance with the Protective Order, and other relief, as described herein:

1. On June 2, 2006, after counsel for Petitioner learned from another counsel representing a detainee at Guantanamo that Mr. Al-Ghizzawi is suffering from a liver ailment, that he has lost a lot of weight and his health is worsening (Ex. A), counsel for Petitioner filed a Renewed Emergency Motion for Entry of the Protective Order.  In response, Judge Bates entered the Protective Order in this matter on June 2, 2006 (Ex. B).

2. Counsel for Petitioner has made travel arrangements to go to the base on July 15th, 2006 after conferring with DOJ attorney Andrew Warden regarding scheduling and being informed that this was the earliest available date.

3. Although Attorney Warden allowed counsel for Petitioner to begin the process of making travel arrangements to the base he has also told counsel that the government "cannot permit the visit to proceed until the Amended Protective Order and the two supplemental orders are entered in their entirety." (Ex. C)

2

4. Counsel for Petitioner does not understand under what authority the Department of Justice thinks it can disregard the Court's order of June 2, 2006, nor does counsel agree that the Amended protective order was not entered in its entirety. The fact that the Court stated in the Order that the Order is entered "only insofar as they relate to petitioner's access" does not make the order confusing as the Protective Order was drafted for the purpose of allowing access to petitioners.

5. Unfortunately, counsel believes that an Order from this Court is required to compel Respondents to comply with Judge Bates' Order and grant her meaningful access to her client, as arranged. Because of the nearness of her departure date for Guantanamo, counsel for Petitioner has filed this as an emergency motion.

6. Counsel for Petitioner also asks this Court to enter an Order restraining the government from removing Mr. Al-Ghizzawi back to his home country of Libya until such time as counsel can meet with her client and report back to this Court as to the viability of such a move. Counsel received a letter from her client on June 9th in which her client wrote of his fear of being sent back to Libya very soon. Upon information and belief, Mr. Al-Ghizzawi has not lived in Libya for a long time. In the letter received on June 9th, Mr. Al-Ghizzawi expressed imminent fear of being transferred to Libya and being treated inhumanely at the hands of the Libyan government.

7. Finally, Petitioner asks this court to require the DOJ to provide counsel with her client's CSRT so that she can understand the nature of the claims against Mr. Al-Ghizzawi prior to her first meeting with him. The DOJ has released CSRTs *publicly* for detainees who participated in the CSRT process, but apparently not for detainees like Mr. Al-Ghizzawi who did not participate. Counsel has requested the information from DOJ attorney Andrew Warden. Mr. Warden has admitted that there is a CSRT for her client, but refuses to produce it to counsel.

WHEREFORE because the Protective Order governs procedures by which counsel may meet clients and communicate with clients through the legal mail system and because the Protective Order has been entered in this matter by Order of Judge Bates, Petitioner respectfully asks this Court to order Respondents to comply with the terms of the Protective Order and allow her visit to proceed on July 15th as scheduled, to order the government not to remove Mr. Al-Ghizzawi to Libya until counsel can meet with her client and report back to this Court, and to allow counsel to view her client's CSRT prior to her visit with Petitioner and to grant any further relief this Court deems just and proper.

Respectfully Submitted,

/s/ H. Candace Gorman
Counsel for Petitioner

H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis  (IL Bar #6285095)
Law Office of H. Candace Gorman
542 S. Dearborn  Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313

**CERTIFICATE OF SERVICE**

I, H. Candace Gorman, certify that I today caused a true and accurate copy of the foregoing to be served upon the following persons through service that automatically occurs by virtue of my electronic filing of this document:

Terry Henry, Esq., Senior Trial Attorney
Andrew I. Warden, Esq., Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 7144
Washington, DC 20530

This 12th day of June, 2006.

/s/ H. Candace Gorman
H. Candace Gorman