# EXHIBIT A

From: Douglas.Cox@AllenOvery.com
&gt;&gt;Sent: May 19, 2006 1:14 PM
&gt;&gt;To: hcgorman@igc.org
&gt;&gt; █████████████████████████
&gt;&gt; █████████████████████████
&gt;&gt; █████████████████████████
&gt;&gt;Subject: RE: Info re: your client
&gt;&gt;
&gt;&gt;Candace,
&gt;&gt;
&gt;&gt;We just got our notes cleared and wanted to pass on what we heard
&gt;&gt;about Abdul Hamid - its not a lot but we hope its helpful. ███████
&gt;&gt;████████████████████████████████████████
&gt;&gt;████████████████████████████████████████
&gt;&gt;████████████████████████████████ Our client also
&gt;&gt;relayed that he understood that Abdul Hamid has some form of liver
&gt;&gt;disease, though he didn't know what.  Our client described him as "skinny and sickly."
&gt;&gt;Apologies that this isn't very good news, but we hope it is
&gt;&gt;nevertheless helpful.
&gt;&gt;
&gt;&gt;Kind regards,
&gt;&gt;
&gt;&gt;Doug

# EXHIBIT B

From: DCD_ECFNotice@dcd.uscourts.gov
Sent: Friday, June 02, 2006 4:05 PM
To: DCD_ECFNotice@dcd.uscourts.gov
Subject: Activity in Case 1:05-cv-02378-JDB AL-GHIZZAWI et al v. BUSH et al "Order on Motion for Protective Order"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of Columbia

Notice of Electronic Filing

The following transaction was received from lcjdb2, entered on 6/2/2006 at 5:04 PM and filed on 6/2/2006
    Case Name:  AL-GHIZZAWI et al v. BUSH et al
    Case Number: 1:05-cv-2378
    Filer:
    Document Number:

Docket Text:
MINUTE ORDER: Upon consideration of [6] petitioner's renewed emergency motion for entry of a protective order and other relief to render access to client meaningful, it is hereby ORDERED that the motion is GRANTED IN PART and DENIED IN PART; and it is further ORDERED that the Court enters by way of reference the following orders previously entered in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., by Judge Joyce Hens Green, but only insofar as they relate to petitioner's access to his counsel: (1) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004; (2) the Order Addressing Designation Procedures for "Protected Information," entered on November 10, 2004; and (3) the Order Supplementing and Amending Filing Procedures Contained in the November 8, 2004 Amended Protective Order, issued on December 13, 2004. It is further ORDERED that, consistent with the pr! ior order of the Calendar and Case Management Committee of the United States District Court for the District of Columbia, any issue pertaining to the interpretation or construction of these protective orders is referred to Magistrate Judge Alan Kay pursuant to Local Civil Rule 72.2(a). Signed by Judge John D. Bates on 6/2/2006. (lcjdb2)

The following document(s) are associated with this transaction:

1:05-cv-2378 Notice will be electronically mailed to:

H. Candace Gorman    hcgorman@igc.org, hcglawoffice@yahoo.com

Terry Marcus Henry    terry.henry@usdoj.gov,

1:05-cv-2378 Notice will be delivered by other means to:

# EXHIBIT C

```
From: Andrew.Warden@usdoj.gov [mailto:Andrew.Warden@usdoj.gov]
Sent: Tuesday, June 06, 2006 1:50 PM
To: Terry.Henry@usdoj.gov (Receipt Notification Requested) (IPM Return
Requested); hcgorman@igc.org (Receipt Notification Requested) (IPM Return
Requested)
Subject: RE: trip to Guantánamo
```

Candance,

We can begin the process of making logistical arrangements for a visit to Guantanamo, but we cannot permit the visit to proceed until the Amended Protective Order and the two supplemental orders are entered in their entirety by the Court.  Judge Bates' June 2, 2006 Order entered the protective orders "only insofar as they relate to petitioner's access to his counsel."  In light of this qualification in the order, we are uncertain what specific provisions of the protective orders are actually in force in the case.  We are concerned, for example, that because the counsel access procedures require that all information learned from a detainee be considered presumptively classified pending further review provided by the procedures, it is imperative that other provisions of the protective order concerning the filing and handling of classified and protected information also apply in the case.  Consequently, we intend to seek reconsideration and/or clarification of Judge Bates' order.  We intend to ask Judge Bates to vacate his order for the reasons explained in our opposition.  In the alternative, we intend to request that the Court enter the protective orders in their entirety.  I assume you will oppose the request to vacate Judge Bates' order, but please let me know whether you will oppose our alternative request that the Court enter the protective orders in their entirety.

Regarding the logistics of your visit request, please fill out the attached visit request form, including a list of all visitors (including lawyers and translators), proposed flight information, and a proposed visit schedule.  Given the limited flight schedules, you may want to confer with the airlines (Air Sunshine or Lynx Air) on flight availability before submitting your request.  Once I have all the required information on the form, I'll forward your request on to Guantanamo personnel and then let you know whether they can accommodate your requested dates.  Because of previously scheduled habeas visits and military commission proceedings, the first available week for habeas visits appears to be July 16.  However, we'll need to confirm the logistics of your visit request with Guantanamo before the arrangements are approved.

Best regards,

Andrew

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084
Fax: 202.616.8470