## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ABDUL HAMID ABDUL SALAM AL-GHIZZAWI )
    **Detainee,** )
    **Guantanamo Bay Naval Station** )
    **Guantanamo Bay, Cuba;** )
     )
     )
              *Petitioner*, )
     )
     )
     )      **PETITION FOR WRIT**
     )      **OF HABEAS CORPUS**
**v.** )
     )
     )      **No.  05 cv  2378**
     )
**GEORGE W. BUSH,** )
    **President of the United States** )
    **The White House** )
    **1600 Pennsylvania Ave., N.W.** )
    **Washington, D.C. 20500;** )
     )
**DONALD RUMSFELD,** )
    **Secretary, United States** )
    **Department of Defense** )
    **1000 Defense Pentagon** )
    **Washington, D.C. 20301-1000;** )
     )
**ARMY BRIG. GEN. JAY HOOD,** )
    **Commander, Joint Task Force - GTMO** )
    **JTF-GTMO** )
    **APO AE 09360; and** )
     )
**ARMY COL. MIKE BUMGARNER,** )
    **Commander, Joint Detention** )
       **Operations Group, JTF - GTMO** )
    **JTF-GTMO** )
    **APO AE 09360,** )
     )
*Respondents*. )

**AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Abdul Hamid Abdul Salam Al-Ghizzawi desperately seeks the Great Writ.  **A citizen of Libya,** Petitioner Abdul Hamid Abdul Salam Al-Ghizzawi (hereinafter referred to as Al-Ghizzawi) is a civilian wrongly classified as an "enemy combatant" by the President of the United States, and has been held virtually *incommunicado* in military custody at the United States Naval Station in Guantánamo Bay, Cuba ("Guantánamo") for more than four years without legal representation and without charges filed against him.  Mr. Al-Ghizzawi is in poor health and has asked repeatedly that he be represented in a court of law so that he can prove his innocence and go home to his family that needs him.  As Mr. Al-Ghizzawi's detention is without lawful basis, without charge, and without access to counsel or any fair process by which he might challenge his detention, he must be brought before this Court immediately.

**JURISDICTION**

1.  Petitioner brings this action under 28 U.S.C. §§ 2241(a), (c)(1) and (c)(3), and 2242. Petitioner further invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1350, 1651, 2201, and 2202; 5 U.S.C. § 702; Articles I and II of, and the Fifth and Sixth Amendments to the United States Constitution. Because they seek declaratory relief, Petitioners also rely upon Fed. R. Civ. P. 57.

2.  This Court is empowered to declare the rights and other legal relations of the parties in this matter by 28 U.S.C. § 2201, and to effectuate and enforce declaratory relief by all necessary and proper means by 28 U.S.C. § 2202, as this case involves an actual controversy within the Court's jurisdiction, and to issue all writs necessary or appropriate in aid of its jurisdiction by 28 U.S.C. § 1651.

## I.
## THE PETITIONER

3.    Petitioner Al-Ghizzawi is a Libyan citizen who is presently incarcerated and has been held in Respondents' unlawful custody and control at Guantánamo for more than four years.  Mr. Al-Ghizzawi is in poor health and he has, on his own and through the help of friends, tried to speak to authorities about his condition and unlawful custody to no avail. (Ex. A)

4.    Mr. Al-Ghizzawi has also repeatedly sought the assistance of counsel to help redress the wrongs he has been subjected to and many of his requests have apparently been held by the government. Ex. A clearly shows that Mr. Al-Ghizzawi signed a form seeking direct representation prior to signing Ex. A.

5.    Although Mr. Al-Ghizzawi has sought an attorney repeatedly, over a long period, it is unclear whether he even knows, to this day, that he now has an attorney representing him because his attorney has not been allowed to communicate with him or to obtain any information about him.  The fact that his counsel has not been allowed to communicate with him could perhaps lead to Mr. Al-Ghizzawi's longer detention because the U.S. Department of the Navy recently sent an email requesting that counsel submit "input" into it's administrative review board no later than February 24th, 2006.  As Petitioners counsel has no information regarding her client, she was forced to ask the board to allow her to supplement her letter after she has had contact with her client. (Ex. B)

6.    Although few personal details are known by his counsel, at this time, about Mr. Al-Ghizzawi, we known from Ex. A that Mr. Al-Ghizzawi is originally from Libya, that he has family *somewhere* that need and depend on him, that his health is poor, that he does not want to be returned to Libya, and that he is desperate because of the cruel detention without end and without charges that he is being subjected to.

7.    Redacted versions of the CSRT's were made available from the government in a freedom of information request from the AP.  A summary of that data was analyzed by Seton Hall University School of Law, Professor Mark Denbeaux (Report of Guantanamo Detainees, a profile of 517 Detainees Through Analysis of Department of Defense Data, 2006). We know from the public CSRT records and that report that the US Government characterizes only 8% of the Guantánamo detainees as al Qaeda fighters. In other words there is a 92% chance that Mr. Al-Ghizzawi was *not* an al-Qaeda fighter.

8.    We also know from the Public CSRT's and the Seton Hall Report, that only 5% of the detainees were captured by US or coalition forces and that most of the other 95% of the detainees were picked up in exchange for large bounties. It is clear from the public version of the CSRT's and the Seton Hall Report, that the US Government had no way of verifying and never tried to verify the information leading to the classification of the 95% who were picked up by third parties, often in exchange for bounties, resulting in their detention at Guantánamo.

## II.

## THE RESPONDENTS

9.    Respondent George W. Bush is the President of the United States and Commander-in-Chief of the United States Military.  Petitioner Al-Ghizzawi is being detained pursuant to President Bush's apparent authority as Commander-in-Chief, under the laws and usages of war or, alternatively, pursuant to the Executive Order of November 13, 2001, Detention, Treatment, and Trial of Certain Non-Citizens in the War Against Terrorism, 66 Fed. Reg. 57,833 (November 13, 2001) ("Executive Order").  President Bush is responsible for Petitioner Al-Ghizzawi's unlawful detention and is sued in his official capacity.

10.   Respondent Donald Rumsfeld is the Secretary of the United States Department of Defense.  Pursuant to the President's apparent authority as Commander-in-Chief, his apparent authority under the laws and usages of war or, alternatively, pursuant to the Executive Order, Respondent Rumsfeld has been charged with maintaining the custody and control of Petitioner Al-Ghizzawi.  He is sued in his official capacity.

11.   Respondent Brigadier Major Gen. Jay Hood is the Commander of Joint Task Force-GTMO, the task force running the detention operation at Guantánamo Bay.  He has supervisory responsibility for Petitioner Al-Ghizzawi and is sued in his official capacity.

12.   Respondent Army Colonel Mike Bumgarner is the Commander of the Joint Detention Operations Group and the JTF-GTMO detention camps, including the U.S. facility where Petitioner Al-Ghizzawi is presently held.  He is the immediate custodian responsible for Petitioner Al-Ghizzawi's detention and is sued in his official capacity.

13.   Respondents are directly responsible for any activities undertaken by or under the supervision of any agents or employees acting on their behalf, or of agents or employees of private contractors ("contractor employees") with whom any agency under Respondents' authority or supervision has contracted for the provision of services at Guantanamo.  All references to Respondents' actions in this Petition include activities performed by Respondents' agents or employees, other government agents or employees or contractor employees.

**II.**
**STATEMENT OF FACTS**

14.   Petitioner herby incorporates by reference paragraphs 3-8 above. Upon information and belief Mr. Al-Ghizzawi is not, nor has he ever been, an enemy alien, lawful or unlawful belligerent, or combatant of any kind under any definition adopted by the government in any civil or military proceeding.

15.   Petitioner Al-Ghizzawi seeks to enforce his right to a judicial determination by an appropriate and lawful authority as to whether there is a lawful and factual basis for Respondents' determination that he is either an "enemy combatant" as defined by the United States Supreme Court in *Hamdi* or an "enemy combatant" as that term is defined and used by the Executive in the Combatant Status Review Tribunals.

16.   Petitioner has not been afforded any procedures that would satisfy his rights under the most fundamental common law notions of due process, the U.S. Constitution, the laws and treaties of the United States, or customary international law. Petitioner desires to pursue in United States courts every available legal challenge to the lawfulness of his detention.

### The Executive Order

17.   On November 13, 2001, Respondent Bush issued an Executive Order authorizing Respondent Rumsfeld to detain indefinitely *anyone* Respondent Bush has "reason to believe":

I.     Is or was a member of the organization known as al Qaeda;
ii.    has engaged in, aided or abetted, or conspired to commit, acts of international terrorism, or acts in preparation therefore, that have caused, threaten to cause, or have as their aim to cause, injury to or adverse effects on the United States, its citizens, national security, foreign policy, or economy; or
iii.   has knowingly harbored one or more individuals described in subparagraphs (i) and (ii).

*See* Executive Order, 66 Fed. Reg. 57,833, §2 (November 13, 2001).  President Bush must make this determination in writing.  The Executive Order was neither authorized nor directed by Congress, and is beyond the scope of the Joint Resolution of September 18, 2001.

18.   The Executive Order purports to vest President Bush with the sole discretion to identify individuals who fall within its purview.  It establishes no standards governing the

6

exercise of his discretion.  Once a person has been detained, the Executive Order contains no provision for that person to be notified of the charges he may face.  The Executive Order authorizes detainees to be confined indefinitely without charges.  It contains no provision for a detainee to be notified of his rights under domestic and international law, and provides neither the right to counsel, nor rights to notice of consular protection or to consular access at the detainee's request.  It provides no right to appear before a neutral tribunal to review the basis for or the legality of a detainee's continued detention and contains no provision for recourse to an Article III court.  In fact, the Executive Order expressly bars review by any court.  The Executive Order authorizes indefinite and unreviewable detention, based on nothing more than President Bush's written determination that an individual is subject to its terms.

19.    Upon information and belief, President Bush has never certified or determined in any manner, in writing or otherwise, that Petitioner is subject to the Executive Order.

20.    Petitioner is not properly subject to the Executive Order. Petitioner has not been, and is not being, detained lawfully either pursuant to the Executive Order, President Bush's authority as Commander-in-Chief, and/or the laws and usages of war in that Petitioner has been denied the process due to him under the common law and the Due Process Clause of the Fifth Amendment to the Constitution of the United States, domestic civil and military law, and international law.

**Guantánamo Bay Naval Station**

21.    On or about January 11, 2002, the United States military began transporting prisoners captured in Afghanistan to Camp X-Ray at the United States Naval Base in Guantánamo Bay, Cuba. Mr. Al-Ghizzawi arrived soon thereafter.

7

22.    Prisoners incarcerated at Guantánamo are entitled to test the legality of their detention in the federal courts. *See Rasul v. Bush*, 542 U.S. 466, 124 S. Ct. 2686, 2698 (June 28, 2004).

23.    Since gaining control of Petitioner Al-Ghizzawi, the United States military has held Petitioner virtually *incommunicado.*

24.    Upon information and belief, Petitioner Al-Ghizzawi has been interrogated repeatedly by agents of the United States Departments of Defense and Justice, and the Central Intelligence Agency, and thugs from the Libyan government and forced to make involuntary statements to Respondents' agents at Guantanamo (and the Libyan thugs) though he has not been charged with an offense and has not been notified of any pending or contemplated charges.  He has not been adequately informed of his rights under any law or treaty and Respondents have taken the position that Petitioner Al-Ghizzawi should not be informed of these rights.  As a result, Petitioner Al-Ghizzawi lacks any ability to protect or to vindicate his rights under domestic and international law.

25.    According to the Department of Defense, detainees who are adjudged innocent of all charges by a military commission may nevertheless be kept in detention at Guantanamo indefinitely.

26.    The U.S. Government's "extraordinary rendition" program has been well documented and Mr. Al-Ghizzawi has a legitimate and deep held fear that he will be sent to Libya, a country where he has not lived for many years and a country that permits indefinite detention without process.  Mr. Al-Ghizzawi is afraid that the Libyan government will subject him to even more torture and cruel treatment, and he has made it clear to his counsel that he does not want to be transferred to Libya or any other country that permits

indefinite detention without process and/or engages in torture or abuse during interrogation.

### III.
### CAUSES OF ACTION

FIRST CLAIM FOR RELIEF
(COMMON LAW DUE PROCESS AND DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES –

27.     Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

28.     By the actions described above, Respondents, acting under color of law, have violated and continue to violate common law principles of due process as well as the Due Process Clause of the Fifth Amendment to the Constitution of the United States.  President Bush has ordered the prolonged, indefinite, and arbitrary detention of individuals, and has violated the right of Petitioner to be free from unlawful conditions of confinement.  In addition, Mr. Al-Ghizzawi is at risk of being rendered, expelled or returned to Libya (a country that engages in torture) without lawful procedures and without due process of law.  Respondents' actions deny Petitioner Al-Ghizzawi the process accorded to persons seized and detained by the United States military in times of armed conflict as established by, *inter alia*, the Uniform Code of Military Justice, Army Regulation 190-8, Articles 3 and 5 of the Third and Fourth Geneva Conventions, the common law, and customary international law as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

29.     To the extent that Petitioner Al-Ghizzawi's detention purports to be authorized by the Executive Order, that Order violates the Fifth Amendment on its face and as applied to Petitioner, and therefore also violates 28 U.S.C. § 2241 (c)(3).

30.  To the extent that Petitioner Al-Ghizzawi's detention is without basis in law and violates

the common law principles of due process embodied in 28 U.S.C. § 2241 (c)(1),

Petitioner's detention is unlawful.

31.  Accordingly, Petitioner Al-Ghizzawi is entitled to habeas, declaratory, and injunctive

relief as well as any other relief the court may deem appropriate.

## SECOND CLAIM FOR RELIEF
## (VIOLATION OF THE RIGHT TO COUNSEL AND TO ACCESS TO THE COURTS)

34.  Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

35.  Respondents, purportedly acting from a concern for national security, consistently have

contrived to intrude upon Petitioner Al-Ghizzawi's right to consult with counsel by

denying counsel's access to Petitioner, despite his weekly requests for an attorney and his

requests for visits from his attorney, in violation of the Fifth and Sixth Amendments to

the U.S. Constitution.

36.   Accordingly, Petitioner Al-Ghizzawi is entitled to habeas, declaratory, and injunctive

relief, as well as any other relief the court may deem appropriate.

## THIRD CLAIM FOR RELIEF
## (GENEVA CONVENTIONS - ARBITRARY DENIAL OF DUE PROCESS)

37.  Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

38.  By the actions described above, Respondents, acting under color of law, have denied and

continue to deny Petitioner Al-Ghizzawi the process accorded to persons seized and

detained by the United States military in times of armed conflict as established by

specific provisions of the Third and Fourth Geneva Conventions.

39.  Violations of the Geneva Conventions are direct treaty violations and are also violations

of customary international law, and constitute an enforceable claim under 28 U.S.C. §

2241 (c)(3).

40.    Respondents are liable for this conduct described above, insofar as they set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified, and/or conspired to violate the Geneva Conventions.

41.    Accordingly, Petitioner Al-Ghizzawi is entitled to habeas, declaratory, and injunctive relief as well as any other relief the court may deem appropriate.

FOURTH CLAIM FOR RELIEF
(INTERNATIONAL HUMANITARIAN AND HUMAN RIGHTS LAW -
ARBITRARY DENIAL OF DUE PROCESS)

42.    Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

43.    By the actions described above, Respondents have denied and continue to deny Petitioner Al-Ghizzawi the process due to persons seized and detained by the United States military in times of armed conflict as establish by customary international humanitarian and human rights law as reflected, expressed, and defined in multilateral treaties and other international instruments and domestic judicial decisions, and other authorities.

44.    Because Respondents are detaining Petitioner Al-Ghizzawi "under or by color of the authority of the United States," they are violating 28 U.S.C. § 2241(c)(1), and because Respondents are detaining Petitioner Al-Ghizzawi "in violation of the Constitution or laws or treaties of the United States," they are also violating 28 U.S.C. § 2241(c)(3). Petitioner Al-Ghizzawi is therefore entitled to habeas relief.

45.    Petitioner Al-Ghizzawi is entitled to habeas, declaratory, and injunctive relief as well as any other relief the court may deem appropriate.

FIFTH CLAIM FOR RELIEF
(ALIEN TORT STATUTE )

46.    Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

47.    The acts described herein constitute torture in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violate customary international law prohibiting torture as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

48.    By the actions described above, Respondents' acts directing, ordering, confirming, ratifying, and/or conspiring to bring about the torture and other inhumane treatment of Petitioner Al-Ghizzawi constitute war crimes and/or crimes against humanity in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated, among others, the Fourth Geneva Convention, Common Article III of the Geneva Conventions and Additional Protocols I and II of the Geneva Conventions as well as customary international law prohibiting war crimes as reflected, expressed, and defined in other multilateral treaties and international instruments, international and domestic judicial decisions, and other authorities.

49.    The acts described herein constitute cruel, inhuman or degrading treatment in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated customary international law prohibiting cruel, inhuman or degrading treatment as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

50.    The acts described herein constitute arbitrary arrest and detention of Petitioner Al-Ghizzawi in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated customary international law prohibiting arbitrary detention as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

51.    Respondents are liable for said conduct in that they directed, ordered, confirmed, ratified, and/or conspired together and with others to bring about the arbitrary arrest and prolonged arbitrary detention and the enforced disappearance of Petitioner Al-Ghizzawi in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated customary international law prohibiting arbitrary arrest, prolonged arbitrary detention and enforced disappearances as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

52.    Upon information and belief, Petitioner is at risk of being rendered, expelled or returned without lawful procedures to Libya, a country that engages in torture.  Petitioner Al-Ghizzawi does not want to be transferred to Libya because it is a country that is known for its torture of prisoners. The transfer of the Petitioner to a country that creates a foreseeable and direct risk that he will be subjected to torture constitutes a violation of Petitioner's rights under customary international law, which may be vindicated under the Alien Tort Statute.

53.    As a result of Respondents' unlawful conduct, Petitioner Al-Ghizzawi has been and is forced to suffer severe physical and psychological abuse and agony, his health is poor and failing rapidly and he is therefore entitled to declaratory, and injunctive relief, and such other relief as the court may deem appropriate.


SIXTH CLAIM FOR RELIEF
(ARTICLE II OF THE UNITED STATES CONSTITUTION -
UNLAWFUL DETENTION)

54.    Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

55.    Upon information and belief, Petitioner Al-Ghizzawi is not, nor has he ever been, an enemy alien, lawful or unlawful belligerent, or combatant of any kind.  The Executive lacks the authority to order or direct military officials to detain civilians who are seized far from the theater of war or occupied territory or who were not "carrying a weapon against American troops on a foreign battlefield." *Hamdi v. Rumsfeld*, 524 U.S. 507, 124 S. Ct. 2633, 2642 n.1 (2004).

56.    By the actions described above, President Bush has exceeded and continues to exceed the Executive's authority under Article II of the United States Constitution by authorizing, ordering and directing that military officials seize Petitioner Al-Ghizzawi and transfer him to military detention, and by authorizing and ordering his continued military detention at Guantánamo.  All of the Respondents acted and continue to act without lawful authority by directing, ordering, and/or supervising the seizure and military detention of Petitioner Al-Ghizzawi.

57.    The military seizure and detention of Petitioner Al-Ghizzawi by the Respondents is *ultra vires* and illegal because it is in violation of Article II of the United States Constitution. To the extent that the Executive asserts that Petitioner's detention is authorized by the Executive Order, that Order exceeds the Executive's authority under Article II and is *ultra vires* and void on its face and as applied to Petitioner.

58.    To the extent that Respondents assert that their authority to detain Petitioner Al-Ghizzawi derives from a source other than the Executive Order, including without limitation the Executive's inherent authority to conduct foreign affairs or to serve as Commander-in-Chief of the U.S. Armed Forces, whether from Article II of the Constitution or otherwise, Respondents lack that authority as a matter of fact and law.

59.     Accordingly, Petitioner Al-Ghizzawi is entitled to habeas, declaratory, and injunctive relief, as well as any other relief the court may deem appropriate.


## SEVENTH CLAIM FOR RELIEF
## (VIOLATIONS OF THE ADMINISTRATIVE PROCEDURES ACT

60.     Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

61.     Army Regulation 190-8 prohibits the detention of civilians who were seized away from the field of battle or outside occupied territory or who were not engaged in combat against the United States.  *See*, *e.g.*, Army Reg. 190-8 at 1-6(g)

62.     By arbitrarily and capriciously detaining Petitioner Al-Ghizzawi in military custody for more than four years in the manner described above, Respondents have acted and continue to act *ultra vires* and unlawfully in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2).

63.     By the actions described above, the Respondents have acted and continue to act arbitrarily and capriciously by directing, ordering, confirming, ratifying, and/or conspiring to unlawfully subject Petitioner Al-Ghizzawi to torture and/or cruel, inhuman or degrading treatment in violation of Army Regulation 190-8 and the Administrative Procedures Act, 5 U.S.C. § 706(2).

64.     Accordingly, Petitioner Al-Ghizzawi is entitled to declaratory and injunctive relief, as well as any other relief the court may deem appropriate.


## EIGHTH CLAIM FOR RELIEF
## (CONVENTION AGAINST TORTURE AND
## CONVENTION RELATING TO THE STATUS OF REFUGEES - RENDITION)

65.     Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

66.    Upon information and belief, Petitioner is at risk of being rendered, expelled or returned without lawful procedures to Libya, a country that engages in torture. Petitioner Al-Ghizzawi does not want to be transferred to Libya because it is a country that is known for its torture and inhumane treatment of prisoners. The transfer of the Petitioner to Libya creates a foreseeable and direct risk that he will be subjected to torture that constitutes a direct violation of Petitioner's rights under the Covenant Against Torture and the 1954 Convention Relating to the Status of Refugees, 19 U.S.T. 6259, 189 U.N.T.S. 150 *entered into force* Apr. 22, 1954.

67.    Accordingly, Petitioner Al-Ghizzawi is entitled to declaratory and injunctive relief, as well as any other relief the court may deem appropriate.

### IV.

### STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11(B)(3)

68.    Under the unique and extraordinary circumstances of this case, the factual allegations made that are made upon information and belief are made pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure on the basis that those allegations "are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Petitioner Al-Ghizzawi desires undersigned counsel to file this petition on his behalf.

### V.

### PRAYER FOR RELIEF

WHEREFORE, Petitioners pray for relief as follows:

1.    Grant the Writ of Habeas Corpus and order Respondents to release Petitioner Al-Ghizzawi from his current unlawful detention;

2.    Order that Petitioner Al-Ghizzawi be brought before the Court or before a Magistrate

Judge assigned by the Court at a convenient facility to conduct proceedings under the

supervision of the Court to vindicate his rights;

3.    Order Respondents to allow counsel to immediately meet and confer with Petitioner Al-

Ghizzawi, in private and unmonitored attorney-client conversations;

4.    Order that Petitioner cannot be transferred to any other country without the specific,

written agreement of Petitioner and Petitioner's counsel while this action is pending;

5.    Order Respondents to allow medical doctors to meet and confer with Petitioner Al-

Ghizzawi and his counsel, in private to determine his medical condition;

6.    Order that Petitioner cannot be delivered, returned, or rendered to a country where there

is a foreseeable and imminent risk that Petition will be subjected to torture;

7.    Order Respondents to cease all interrogations of Petitioner Al-Ghizzawi, direct or

indirect, while this litigation is pending;

8.    Order Respondents to cease all acts of torture and cruel, inhuman and degrading

treatment of Petitioner Al-Ghizzawi;

9.    Order and declare the Executive Order of November 13, 2001 is *ultra vires* and unlawful

in violation of Article II of the United States Constitution, the Fifth Amendment to the

U.S. Constitution, the Uniform Code of Military Justice, the Administrative Procedures

Act, 5 U.S.C. § 702, the treaties of the United States and customary international law;

10.    Order and declare that the prolonged, indefinite, and restrictive detention of Petitioner Al-

Ghizzawi without due process is arbitrary and unlawful and a deprivation of liberty

without due process in violation of common law principles of due process, the Due

Process Clause of the Fifth Amendment to the United States Constitution, the regulations

of the United States military, the treaties of the United States, and customary international humanitarian law; and

11.    Grant such other relief as the Court may deem necessary and appropriate to protect Petitioner's rights under the common law, the United States Constitution, federal statutory law, and international law, including, if necessary, designating Petitioner Ali Yehya Mahdi to act as Next Friend of Petitioner Al-Ghizzawi.

Dated:    February 23, 2006               Respectfully submitted,

                                          Counsel for Petitioners:


                                          s/H. Candace Gorman


                                          H. Candace Gorman (IL Bar #6184278)
                                          Elizabeth Popolis  (IL Bar #6285095)
                                          Law Office of H. Candace Gorman
                                          542 S. Dearborn
                                          Suite 1060
                                          Chicago, IL 60605
                                          Tel:  (312) 427-2313
                                          Fax: (312) 427-9552

                                          *Of Counsel*
                                          Barbara J. Olshansky (NY0057)
                                          Director Counsel
                                          Tina Monshipour Foster (TF5556)
                                          Gitanjali S. Gutierrez (GG1234)
                                          CENTER FOR CONSTITUTIONAL RIGHTS
                                          666 Broadway, 7th Floor
                                          New York, New York 10012
                                          Tel: (212) 614-6439
                                          Fax: (212) 614-6499

## CERTIFICATION OF REPRESENTATION WITHOUT COMPENSATION

Counsel for Petitioner hereby certify, pursuant to L. Cv. R. 83.2(g), that they are representing Petitioner without compensation.


Dated:  February 23, 2006                    s/ H. Candace Gorman

                                             H. Candace Gorman (IL Bar #6184278)
                                             Elizabeth Popolis (IL Bar #6285095)
                                             Law Office of H. Candace Gorman
                                             542 S. Dearborn
                                             Suite 1060
                                             Chicago, IL. 60605
                                             Tel: (312) 427-2313
                                             Fax: (312) 427-9552