CLEARED FOR PUBLIC FILING

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDUL HAMID ABDUL SALAM AL-GHIZZAWI**<br>    Detainee,<br>    Guantanamo Bay Naval Station<br>    Guantanamo Bay, Cuba;<br><br>                              *Petitioner*,<br><br>              *v.*<br><br>**GEORGE W. BUSH,** *et al.*,<br><br>                              *Respondents*. | Civil Action No. 05-cv-02378<br><br>Judge John B. Bates<br><br>Magistrate Judge Alan Kay |

### PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY RE RESPONDENTS' MOTION TO EXAMINE PRIVILEGED COMMUNICATIONS SEIZED WITHOUT NOTICE OR APPROVAL

In response to Respondents' motion to create a "filter team" to review papers seized from Petitioner, Petitioner contends that *no* further review of its papers may be allowed because the seizure was illegal. Petitioner also objects to Respondents' proposal to create a "filter team" to review the seized documents.

On July 28, 2006, the Court of Appeals issued an order in the *Jefferson* case that confirms the invalidity of Respondents' "filter team" proposal. In its order, the Court of Appeals rejected a plan, proposed by the government and approved by the District Court, to create a government "filter team" to review potentially privileged documents seized by the government under a search warrant in a criminal investigation of Representative William J. Jefferson. *See United States v.*

1

*Rayburn House Office Bld'g, Room No. 2113, Washington, D.C. 20515*, No. 06-3105, slip op. at 1–2 (D.C. Cir. July 28, 2006) (attached as Exhibit A) ("*Jefferson* Order").

The government's warrant application in *Jefferson*, approved by the District Court, "set forth a set of 'special search procedures' to be used in an effort to 'minimize the likelihood that any potentially politically sensitive, non-responsive items' would be disclosed," and to "prevent investigators and members of the Prosecution Team from obtaining documents or files 'that may fall within the purview of the Speech of Debate clause . . . or any other pertinent privilege.'" *In re Search of the Rayburn Office Bldg. Room No. 2113, Washington D.C. 20515*, No. 06-0231 M-01, slip op. at 3 (D.D.C. July 10, 2006) (attached as Exhibit B). Such procedures were to include the use of a "Filter Team" to determine "first whether each document was responsive, and second whether it fell within the purview" of any pertinent privilege. *Id.* Non-responsive documents were to be returned to Representative Jefferson, while potentially privileged documents were to be copied, logged, provided to the Congressman's counsel, and submitted to the District Court for a final determination of privilege. *Id.* at 3–4. Copies of documents that the Filter Team determined to be responsive and unprivileged were to be provided directly to the Prosecution Team. *Id.* at 4.

On the Congressman's emergency motion for stay pending appeal, the Court of Appeals rejected these review procedures and remanded the case to the District Court with instructions to exclude the government from the review process altogether. Under the Court's July 28, 2006 order, (1) the District Court is to direct a judicial officer or special master to provide copies of all documents to Representative Jefferson; (2) the Congressman is to submit to the District Court *ex parte* any claims that specific documents are privileged; (3) the District Court is to review the Congressman's claims of privilege *in camera*; and (4) the government is "enjoined from review-

2

ing any documents or records seized from Congressman Jefferson's office" pending further order of the Court of Appeals. *Jefferson* Order, slip op. at 1.

The "filter team" proposal advanced by Respondents here is virtually identical to that rejected by the Court of Appeals in *Jefferson*. Under the Court of Appeals' order, if the Court reaches the issue, Respondents' "filter team" proposal here should likewise be rejected.

Dated:      August 1, 2006

                                        Respectfully Submitted,
                                        Counsel for Petitioner

                                        /s/ H. Candace Gorman
                                         H. Candace Gorman

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman
Elizabeth Popolis
542 S. Dearborn St., Suite 1060
Chicago, IL 60605
(312) 427-2313

## CERTIFICATE OF SERVICE

      I, H. Candace Gorman, certify that I today caused a true and accurate copy of PETITIONERS' NOTICE OF SUPPLEMENTAL AUTHORITY RE RESPONDENTS' MOTION TO EXAMINE PRIVILEGED COMMUNICATIONS SEIZED WITHOUT NOTICE OR APPROVAL to be served upon the following persons through service that automatically occurs by virtue of my electronic filing of the above listed document:

      Terry Henry, Esq., Senior Trial Attorney
      Andrew I. Warden, Esq., Trial Attorney
      U.S. Department of Justice
      Civil Division, Federal Programs Branch
      20 Massachusetts Ave., NW, Room 7144
      Washington, DC  20530

This 1st day of August, 2006.

      /s/ H. Candace Gorman
      Counsel for Petitioner

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis  (IL Bar #6285095)
542 S. Dearborn Street -   Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313

4