IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HABIBULLAH MANGUT,  )<br> )<br>    Petitioner,  )<br> )<br>v.  )<br> )<br>GEORGE W. BUSH,  )<br>    President of the United States,  )<br>    *et al.*,  )<br> )<br>    Respondents.  )<br> ) | Civil Action No. 05-CV-1008 (JDB) |
| ABDUL HAMID ABDUL SALAM  )<br>    AL-GHIZZAWI,  )<br> )<br>    Petitioner,  )<br> )<br>v.  )<br> )<br>GEORGE W. BUSH,  )<br>    President of the United States,  )<br>    *et al.*,  )<br> )<br>    Respondents.  )<br> ) | Civil Action No. 05-CV-2378 (JDB) |

**RESPONDENTS' STATUS REPORT IN RESPONSE TO
COURT'S JULY 19, 2006 MINUTE ORDER**

Respondents hereby submit a status report in response to the Court's July 19, 2006 Minute Order entered in the above-captioned cases, which orders that respondents "shall, by not later than August 2, 2006, file a status report informing the Court whether (1) it possesses a factual return relating to petitioner's detention, and, if so, (2) whether the government objects to providing petitioner's counsel with access to that factual return, subject to applicable protective orders."  July 19, 2006 Minute Order.

A factual return for a petitioner in a Guantanamo detainee habeas case typically has consisted of the record of proceedings before the Combatant Status Review Tribunal ("CSRT") that confirmed petitioner's status as an enemy combatant properly subject to detention. Respondents maintain in their possession the records of proceedings before the CSRT pertaining to petitioners Mangut and Al-Ghizzawi, who have been determined to be properly detained as enemy combatants, which would constitute factual returns pertaining to their detention. Respondents object to submission of these factual returns in the above-captioned habeas cases, however, because the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), vests exclusive jurisdiction over these cases in the D.C. Circuit.

The Act, among other things, amends 28 U.S.C. § 2241 to eliminate court jurisdiction to consider habeas petitions and other claims by aliens held as enemy combatants at Guantanamo Bay, id., § 1005(e)(1), and creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens and final decisions of any military commissions, id., § 1005(e)(1), (e)(2), (e)(3). Section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review. While the Supreme Court in Hamdan v. Rumsfeld, 548 U.S. —, 126 S. Ct. 2749, 2762-69 (U.S. June 29, 2006), held that § 1005(e)(1) of the Detainee Treatment Act did not apply to habeas petitions pending prior to the enactment of the Act, it recognized that the exclusive review provisions of the Act did expressly apply to cases pending prior to enactment. Although the petitioner in Hamdan escaped the Act because his challenge did not involve a final decision of a military commission within the exclusive

jurisdiction of the Court of Appeals under § 1005(e)(3), the Court reserved the question of the effect of the exclusive review provisions of the Act on other cases, stating that "[t]here may be habeas cases that were pending in the lower courts at the time the DTA was enacted that do qualify as challenges to 'final decision[s]' within the meaning of subsection (e)(2) or (e)(3). We express no view about whether the DTA would require transfer of such an action to the District of Columbia Circuit." Hamdan, 126 S. Ct. at 2769, n.14. The above-captioned cases are such cases, i.e., challenging petitioner's designation as an enemy combatant through the Combatant Status Review Tribunal. Given the Act's investment of exclusive review in the Court of Appeals, the District Court lacks jurisdiction over these cases, for it is well-settled that an exclusive-review scheme, where applicable, precludes the exercise of jurisdiction under more general grants of jurisdiction, including habeas corpus. Cf., e.g., 5 U.S.C. § 703 ("form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for . . . writs of . . . habeas corpus"); Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); FCC v. ITT World Communications, Inc., 466 U.S. 463, 468 (1984) (Hobbs Act) ("The appropriate procedure for obtaining judicial review of the agency's disposition of these issues was appeal to the Court of Appeals as provided by statute."); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); Lopez v. Heinauer, 332 F.3d 507, 511 (8th Cir. 2003) ("Because judicial review was available . . . the district court was not authorized to hear this § 2241 habeas petition."). See also Telecommunications Research and

Action Center v. FCC, 750 F.2d 70, 77 (D.C. Cir. 1984) ("even where Congress has not expressly stated that statutory jurisdiction is 'exclusive' . . . a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute") (footnote omitted); id. at 75, 78-79 (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).  Ordering the submission of factual returns would require an assertion of jurisdiction and authority in these cases inconsistent with the Act's investment of exclusive jurisdiction in the Court of Appeals, and respondents' argument in this regard is in no way immaterial or premature. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Thus, the Supreme Court's decision in Hamdan has not resolved the issue of whether this Court may exercise jurisdiction in these cases in light of the Act.  The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit (Boumediene v. Bush, No. 05-5062, and Al Odah v. United States, No. 05-5064),[1] and on July 26, 2006, the Court of Appeals recently ordered additional briefing regarding the effect of the Hamdan decision on this issue.[2]  Accordingly, while the Court should not order the production of factual returns in these cases, at a minimum, a stay of proceedings in these cases,

---

[1] Oral argument before the D.C. Circuit was held on March 22, 2006.

[2] This additional supplemental briefing is scheduled to be completed by August 15, 2006.

including with respect to the submission of factual returns, is appropriate pending the resolution of the effect of the Act by the Court of Appeals.[3]

In addition, notwithstanding the significant jurisdictional issues presented by the Act, the Court should not require the production and submission of factual returns in these cases because such action involves the disclosure to counsel of classified information,[4] and the preparation of the returns is not an inconsequential task. As an initial matter, requiring respondents to provide to counsel factual returns containing classified information, even where counsel receive such disclosures subject to certain handling restrictions, is not without prejudice to respondents where the issue of whether the Court has any authority to require such disclosure remains pending before the Court of Appeals. Furthermore, with respect to the logistical burdens involved in producing factual returns, each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare both public and classified

---

[3] In addition, a stay of proceedings remains appropriate for the separate and independent reason that the substantive issues in these Guantanamo detainee habeas cases, including whether petitioners have constitutional due process rights and, if so, whether the Combatant Status Review Tribunals satisfy any such rights, as well as the type of proceedings to which petitioners may be entitled should the cases proceed in District Court, remain under consideration by the Court of Appeals. The issues were briefed and argued before the Court of Appeals prior to enactment of the Detainee Treatment Act.

[4] As of this date, counsel for petitioner Mangut have not yet been granted security clearances, which are a prerequisite to accessing the classified portions of the factual return. Thus, if the Court determines that a factual return pertaining to petitioner Mangut is warranted notwithstanding the jurisdictional infirmities in his case, and if counsel have not obtained the appropriate security clearances by the time respondents are required to produce the factual return, respondents would provide counsel with only an unclassified version of the factual return.

versions of the factual returns for submission to the Court and counsel.  Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking.  For these reasons, as well as the outstanding jurisdictional issues which will be addressed by the Court of Appeals in the coming months, respondents object to production of factual returns in the above-captioned cases.

Although respondents maintain that factual returns should not be required at all, if the Court decides to assert jurisdiction notwithstanding the Detainee Treatment Act of 2005 and order the production of factual returns in these cases, respondents request that in light of the logistical burdens involved, they been given at least 120 days to submit the factual returns.  The review of information in the returns described above, that is, to ensure that any information disclosed to counsel is in accordance with all applicable statutes, regulations and Executive Orders, must be conducted.  Furthermore, respondents have recently been ordered to produce nearly a dozen factual returns in other Guantanamo detainee habeas cases by the end of August, and at least two factual returns in October.  The Court has previously granted respondents 120 days to produce returns in other Guantanamo Bay detainee cases in light of such factors, and should do so in these cases.  See e.g., Zaid v. Bush, No. 05-CV-1646 (JDB) (dkt. no. 12) (imposing 120-day schedule); Al-Shabany v. Bush, No. 05-CV-2029 (JDB) (dkt. no. 12) (same); Tohirjanovich v. Bush, No. 05-CV-0994 (JDB) (dkt. no. 15) (same).

Dated: August 2, 2006                    Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General

                                            DOUGLAS N. LETTER
                                            Terrorism Litigation Counsel

                                               /s/ Preeya M. Noronha
                                            JOSEPH H. HUNT (D.C. Bar No. 431134)
                                            VINCENT M. GARVEY (D.C. Bar No. 127191)
                                            TERRY M. HENRY
                                            JAMES J. SCHWARTZ
                                            PREEYA M. NORONHA
                                            ROBERT J. KATERBERG
                                            NICHOLAS J. PATTERSON
                                            ANDREW I. WARDEN
                                            EDWARD H. WHITE
                                            MARC A. PEREZ
                                            Attorneys
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Ave., N.W.  Room 7144
                                            Washington, DC  20530
                                            Tel:  (202) 514-4107
                                            Fax:  (202) 616-8470

                                            Attorneys for Respondents