*CLEARED FOR PUBLIC FILING*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| **ABDUL HAMID ABDUL SALAM AL-GHIZZAWI** | ) |
|     **Detainee,** | ) |
|     **Guantanamo Bay Naval Station** | ) |
|     **Guantanamo Bay, Cuba;** | ) |
|  | )   **Civil Action No. 05-cv-02378** |
|                 **Petitioner,** | ) |
|  | )   **Judge John B. Bates** |
|         **v.** | ) |
|  | ) |
| **GEORGE W. BUSH,** *et al.,* | ) |
|  | ) |
|              **Respondents.** | ) |

_____

**PETITIONER'S RESPONSE TO RESPONDENTS' STATUS REPORT REGARDING
PRODUCTION OF A FACTUAL RETURN**

       Petitioner Abdul Hamid Abdul Salam Al-Ghizzawi (hereinafter Al-Ghizzawi), by

and through undersigned counsel, states the following points and authorities in

response to Respondents' Status Report regarding producing factual returns:

1.      Pursuant to 28 U.S.C. § 2243, "a court . . . entertaining an application for a writ of

habeas corpus shall forthwith award the writ or issue an order directing the respondent

to show cause why the writ should not be granted, unless it appears from the

application that the applicant or person detained is not entitled hereto." Pursuant to 28

U.S.C. § 2243, the writ or order to show cause "shall be returned within three days

unless for good cause additional time, not exceeding twenty days, is allowed." *See*

*Simspon v. Ortiz*, 995 F.2d 606, 609 (5th Cir.), *cert. denied*, 510 U.S. 983 (1993) (district court complied with the "forthwith" requirement when the show cause order was issued 21 days after the petition was filed and only eight days after the matter was referred to the magistrate judge).

2.       Petitioner  Al-Ghizzawi is a Libyan man in his mid-forties who had been living in Afghanistan for approximately 10 years prior to his being seized by the Northern Alliance in the late fall of 2001.  Al-Ghizzawi and his wife were shopkeepers in the city of Jalalabad where they lived with their infant daughter until October 2001. They had a bakery and also sold honey. When the war started in October 2001 and the city became unsafe, Al-Ghizzawi took his wife and baby to his wife's family farm further to the north where he thought that they would be safe.  Shortly after their arrival, Mr. Al-Ghizzawi was apprehended (at the family home) and turned over to the Northern Alliance in return for a bounty. Petitioner Al-Ghizzawi has been a prisoner at Guantánamo Bay Naval Station, Guantánamo Bay, Cuba ("Guantánamo") for approximately 5 years.  He was not allowed to see his counsel until the week of July 15th, 2006. Al-Ghizzawi is in extremely poor health, a matter that counsel for petitioner will be bringing before the court in a more formal matter after her notes from her visit have been cleared.

3.       On July 19, 2006, this  Court ordered the Respondents to file a status report by August 2, 2006 stating "whether (1) it possesses a factual return relating to petitioner's detention, and, if so, (2) whether the government objects to providing petitioner's

counsel with access to that factual return, subject to applicable protective orders." On August 2, 2006, Respondents filed a status report stating that they did possess such a return, but objected to producing it on various grounds, including [1]jurisdictional grounds, because it requires turning over to counsel classified information (counsel has received her security clearance) and because preparations of such a return is "not an inconsequential task." (Resp. Status Report, p. 5)  The Court then issued an Order on Aug 3, 2006 that Respondents file a supplemental status report to address any non-jurisdictional arguments against supplying counsel with the factual return.  Petitioner now brings this response to address the Respondents' status and request for 120 days to supply the return if so ordered by the Court.

4.    There should not be any doubt that Mr. Al-Ghizzawi is entitled to challenge his incarceration; the United States Supreme Court has so determined twice now. *See Hamdan v. Rumsfeld*, 126 S.Ct. 2749 (2006); *Rasul v. Bush*, No. 03-334, 124 S. Ct. 2686, 2699 (2004). Further, the Government has agreed that "§ 2241 and its companion provisions [including § 2243] provide at least a skeletal outline of the procedure to be afforded a petitioner in federal *habeas* review." *Hamdi v. Rumsfeld*, No. 03-6696, 124 S.Ct. 2633, 2644 (2004).

---

[1] Counsel for Petitioner was surprised by this admission.  There were no records of a CSRT for petitioner in the CSRT's that were released to the AP pursuant to it's lawsuit under the FOIA and petitioners counsel exchanged email with the government over the existence of a CSRT for Mr. Al-Ghizzawi and was led to believe that one did not exist. (see Ex. A)

5.      The Petitioners request that the writ or, alternatively, the order to show cause be returnable within twenty days. The original petition was filed, and served on the United States Attorney by hand, pursuant to Rule 4(i)(1)(A), one day after the Petition was physically filed, on December 12, 2005, almost 8 months ago. Service also was effected the same day through certified and registered mail, pursuant to Rule 4(i)(1)(B), on the United States Attorney General. Finally, Trial Attorney Andrew I. Warden of the Federal Programs Branch of the United States Department of Justice's Civil Division, who is coordinating all of the parallel Guantánamo Bay cases for the Respondents, was also sent an electronic PDF copy of the Petition by undersigned counsel. Thus, the Government has already had the twenty-day notice period contemplated under 28 U.S.C. § 2243.

6.      Equally important is that the United States has imprisoned and interrogated Mr. Al-Ghizzawi for almost five years. On information and belief, the government has interrogated Mr. Al-Ghizzawi on numerous occasions (as have the Libyan thugs) and is well aware of the factual bases that allegedly support the continued imprisonment of Mr. Al-Ghizzawi. For the Respondents now to state that they need more time, indeed an additional four months, to take these papers, photo copy them and deliver them to counsel is simply another in a long line of delay tactics taken by the government with

all detainees bringing habeas petitions. The Respondents' protestations of the great effort it will take to provide this document, if indeed it exists, is baseless.

7.     On information and belief, the health and mental condition of Mr. Al-Ghizzawi, which is already precarious,  will be placed at even greater risk if his incarceration is allowed to continue without review and remedial measures ordered by this Court.  Mr. Al-Ghizzawi has complained to counsel that he is very ill and that illness was readily apparent to counsel upon her visit.

WHEREFORE, for the above-stated reasons and for any other reason that may become known to the Court, Petitioner respectfully request that this Court issue an order requiring respondents to file a factual return *post haste*.

Dated:          August 4, 2006

Respectfully Submitted,
Counsel for Petitioner

/s/ H. Candace Gorman
  H. Candace Gorman

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman
Elizabeth Popolis
542 S. Dearborn St., Suite 1060
Chicago, IL 60605
(312) 427-2313

## <u>CERTIFICATE OF SERVICE</u>

       I, H. Candace Gorman, certify that I today caused a true and accurate copy of PETITIONER'S RESPONSE TO RESPONDENTS' STATUS REPORT REGARDING PRODUCTION OF A FACTUAL RETURN to be served upon the following persons through service that automatically occurs by virtue of my electronic filing of the above listed document:

> Terry Henry, Esq., Senior Trial Attorney
> Andrew I. Warden, Esq., Trial Attorney
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., NW, Room 7144
> Washington, DC  20530

This 4th  day of August, 2006.

                       /s/ H. Candace Gorman
                       Counsel for Petitioner

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis  (IL Bar #6285095)
542 S. Dearborn Street -  Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313

6

# EXHIBIT A

----Original Message-----
From: hcgorman@igc.org [mailto:hcgorman@igc.org]
Sent: Tuesday, April 04, 2006 2:47 PM
To: Henry, Terry (CIV); Warden, Andrew (CIV)
Subject: al-Ghizzawi No. 05 cv 2378 (detainee no. 654)


Hello,

I have just reviewed the latest documents that were released by the Department of defense and there are
still no documents regarding my client.
Do you know if there is a reason why that is?  Can you get me any information about my client?

Thanks,

Candace


H. Candace Gorman, Esq.


From: Andrew.Warden@usdoj.gov
Sent: Thursday, April 13, 2006 10:39 AM
To: hcgorman@igc.org (Receipt Notification Requested) (IPM Return
Requested)
Subject: RE: al-Ghizzawi No. 05 cv 2378 (detainee no. 654)

Ms. Gorman,

The recent DoD FOIA releases generally pertain to summaries of transcripts for those detainees who
participated in the CSRT and ARB hearings.  Some detainees chose not to participate or attend their
hearings so that may explain why you cannot locate any documents that reference petitioner Al-
Ghizzawi.  In any event, we cannot agree to your informal request for discovery at this time.  The
Detainee Treatment Act of 2005 amended 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider
actions such as this one.  Consequently, Judge Bates issued an order on March 3, 2006 holding in
abeyance all motions in this case pending a decision by the United States Court of Appeals for the District
of Columbia Circuit on the jurisdictional issues presented by the Guantanamo habeas cases.  In light of
this order and other factors, your informal request for discovery, if ever appropriate, is not appropriate at
this time.

Best regards,

Andrew

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530

8