Cleared for public filing

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL HAMID ABDUL SALAM AL-GHIZZAWI<br>    Detainee,<br>    Guantanamo Bay Naval Station<br>    Guantanamo Bay, Cuba;<br><br>*Petitioner*,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>*Respondents*. | Civil Action No. 05-cv-02378<br><br>Judge John B. Bates |

## PETITIONER'S EMERGENCY MOTION TO COMPEL ACCESS TO MEDICAL RECORDS AND TO REQUIRE EMERGENCY MEDICAL TREATMENT

PLEASE TAKE NOTICE that on such date as the Court shall determine, Petitioners, by and through undersigned counsel, shall move for an order for access to Petitioner's medical records and to require emergency medical treatment as set forth in the accompanying Memorandum in Support of Petitioners' Motion.

Dated: August 28th 2006

                                        /s/ H. Candace Gorman
                                        H. Candace Gorman

H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis (IL Bar #6285095)
Law Office of H. Candace Gorman
542 S. Dearborn – Suite 1060
Chicago, IL 60605
Tel: (312) 427-2313
Fax: (312) 427-9552

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABDUL HAMID ABDUL SALAM AL-GHIZZAWI )<br>    Detainee, )<br>    Guantanamo Bay Naval Station )<br>    Guantanamo Bay, Cuba; )<br>                                                                 )<br>                            *Petitioner*,    )<br>                                                                 )<br>    v.                                                        )<br>                                                                 )<br>GEORGE W. BUSH, *et al.*,                    )<br>                                                                 )<br>                            *Respondents*.  ) | Civil Action No. 05-cv-02378<br><br>Judge John B. Bates |

## MEMORANDUM IN SUPPORT OF PETITIONER'S EMERGENCY MOTION TO COMPEL ACCESS TO MEDICAL RECORDS AND TO REQUIRE EMERGENCY MEDICAL TREATMENT

Petitioner Abdul Hamid Abdul Salam Al-Ghizzawi (hereinafter Al-Ghizzawi), by and through undersigned counsel, states the following in support of his motion to compel Respondents to provide his counsel with access to his medical records and to require emergency medical tests and treatment:

1. As outlined in Mr. Al-Ghizzawi's Amended Habeas Petition, Mr. Al-Ghizzawi repeated sought legal help in regards to his unlawful detention at the Guantánamo facility, not only to help prove his innocence, but also because he was in ill health and his medical condition was worsening and

1

|     | |
| --- | --- |
|     | not being treated. (See also, Petitioners Emergency Motion for Protective Order filed 2/27/2006 and Renewed Emergency Motion for Entry of Protective Order filed 6/2/2006) |
| 2.  | In July, counsel for Mr. Al-Ghizzawi met with her client for the first time over three full days and obtained authorization from her client to access his medical records. (Ex. A) |
| 3.  | Over the course of those three days of meetings, Counsel for Mr. Al-Ghizzawi was also able to observe Mr. Al-Ghizzawi's medical condition and discussed with Mr. Al-Ghizzawi his symptoms and medical history. (Ex. B, affidavit of H. Candace Gorman, ¶ 2, 4, 5) |
| 4.  | Mr. Al-Ghizzawi is a Libyan man in his mid-forties who had been living in Afghanistan for approximately 10 years prior to his being seized by the Northern Alliance in the late fall of 2001. Al-Ghizzawi and his wife were shopkeepers in the city of Jalalabad where they lived with their infant daughter until October 2001. They had a bakery and also sold honey and spices. They fled Jalalabad to the farm of his wife's family after the U.S. bombing began. Shortly thereafter Mr. Al-Ghizzawi was apprehended (at the family home) and turned over to the Northern Alliance in return for a bounty. |
| 5.  | Mr. Al-Ghizzawi was turned over to the U.S. government forces in late 2001 and transported to Guantánamo where he has been continuously held. |

2

6. Since his detention at Guantanamo, Mr. Al-Ghizzawi's health has steadily deteriorated and he has exhibited many symptoms which he described to counsel, including: very noticeable jaundice; weight loss of between 10-15 kilos; severe pain in his abdomen, left side and back that travels down his legs; he is in constant pain both when walking or standing; his stomach is bloated; and, he has digestive problems including vomiting and diarrhea. (Ex. B ¶ 5, 7) In recent months the pain has been so severe that he has been unable to get up from a lying down position and most recently Mr. Al-Ghizzawi passed-out from the pain and was given a pill for the pain by a nurse and the promise of a visit to see a doctor. (Id. ¶ 5, 12) As per Mr. Al-Ghizzawi's last letter, that visit had still not taken place. (Id. ¶ 13)

7. After returning from the base, Counsel for Al-Ghizzawi called numerous doctors in the Chicago area to ascertain a possible diagnosis and was eventually referred to a preeminent physician at the University of Chicago, Dr. Donald Jensen. Dr. Jensen is a professor of medicine and Director of the University of Chicago's Center for Liver Diseases. According to Dr. Jensen, the severity of Mr. Al-Ghizzawi's symptoms strongly suggests that he is suffering from liver cancer and that Mr. Al-Ghizzawi is in need of urgent medical care. (See Ex. C, affidavit of Dr. Jensen, ¶ 12).

8. In order to definitively diagnose Mr. Al-Ghizzawi, tests including several blood and enzyme tests, an ultrasound and a test of his viral level would be necessary. (Ex C ¶ 13) It is unknown whether any blood tests or enzyme tests

3

have ever been taken for Mr. Al-Ghizzawi, but what is known is that he has never been treated for his condition, except for the occasional pain medication. (Ex. B ¶ 11) This is despite Mr. Al-Ghizzawi's repeated complaints regarding his symptoms and his visits to the base's medical facility.[1]

9. According to Dr. Jensen, liver cancer is readily treatable if diagnosed early enough and if treated properly. (Ex. C ¶ 14) Unfortunately, if it is not treated properly the consequences are dire. In addition to the medical treatments as further described in Dr. Jensen's affidavit, an individual must also keep to a regular schedule of meals and should drink sufficient water each day to remain properly hydrated. Mr. Al-Ghizzawi stated to counsel that during the first 3-4 years of his detention, up until the time the Supreme Court order that attorneys be allowed to visit their clients, the water given to the detainees, including himself, appeared brown and had a foul odor and taste. (Ex. B ¶ 6) During that time, Mr. Al-Ghizzawi was unable to drink more than a few sips of water during the day, a fact that most likely exacerbated his condition. (Id.)

10. Additionally, during the hunger strike that many inmates took part in last summer, Mr. Al-Ghizzawi continued to eat his meals, because skipping a meal would cause him great pain and digestive distress. (Ex. B, ¶ 9) The

---

[1] Mr. Al-Ghizzawi confided in his attorney that during his visits to the medical center during his detention, Mr. Al-Ghizzawi has witnessed the guards openly reading his medical file and throwing the pages back and forth to each other, all while laughing at Mr. Al-Ghizzawi's records. (See Ex. B ¶ 11)

4

guards, however, mistakenly believed Mr. Al-Ghizzawi was a part of the hunger strike and refused to give him meals for over 10 days during that time because they had his cell marked down as on "hunger strike." (Id.) In fact, the inmate in the cell next to him was the one on huger strike, but the guards were delivering Mr. Al-Ghizzawi's meals to that inmate, who would not take them. (Id) Every day Mr. Al-Ghizzawi told the guards that he was not part of the hunger strike, but it took the guards 10 days to correct the problem. (Id) Despite the trays being left just outside their cells, Mr. Al-Ghizzawi was not able to reach the food left untouched by the man in the next cell. (Id)

11. If Mr. Al-Ghizzawi is diagnosed with liver cancer, there are many procedures that can be used to safeguard his life. However, unless counsel is able to obtain Mr. Al-Ghizzawi's medical records there is no way to ascertain what tests have been taken, what tests need to be taken and a course of medical treatment that can be outlined to ensure his survival.

WHEREFORE, for the above-stated reasons and for any other reason that may become known to the Court, Petitioner respectfully request that this Court issue an order requiring respondents to provide counsel with Petitioner's medical records *post haste*; require the government to immediately perform the tests as outlined in Dr. Jensen's affidavit and to begin procedures for the transfer of Mr. Al-Ghizzawi to a state of the art medical facility that can properly treat his condition.

Dated:       August 28th, 2006

                                                    Respectfully Submitted,
                                                    Counsel for Petitioner

                                                    /s/ H. Candace Gorman
                                                      H. Candace Gorman

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman
Elizabeth Popolis
542 S. Dearborn St., Suite 1060
Chicago, IL 60605
(312) 427-2313

6

# CERTIFICATE OF SERVICE

      I, H. Candace Gorman, certify that I today caused a true and accurate copy of PETITIONER'S EMERGENCY MOTION TO COMPEL ACCESS TO MEDICAL RECORDS AND TO REQUIRE EMERGENCY MEDICAL TREATMENT to be served upon the following persons by virtue of filing the above listed document with the U. S. Department of Justice Litigation Security Section:

      Terry Henry, Esq., Senior Trial Attorney
      Andrew I. Warden, Esq., Trial Attorney
      U.S. Department of Justice
      Civil Division, Federal Programs Branch
      20 Massachusetts Ave., NW, Room 7144
      Washington, DC  20530

This 28th day of August, 2006.

      /s/ H. Candace Gorman
      Counsel for Petitioner

Law Office of H. Candace Gorman
H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis  (IL Bar #6285095)
542 S. Dearborn Street -  Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313