Cleared for Public Filing

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL HAMID ABDUL SALAM AL-GHIZZAWI ) <br>     Detainee, ) <br>     Guantanamo Bay Naval Station ) <br>     Guantanamo Bay, Cuba; ) <br> ) <br> *Petitioner*, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, *et al.*, ) <br> ) <br> *Respondents*. ) | Civil Action No. 05-cv-02378 <br><br> Judge John B. Bates |

## PETITIONERS' EMERGENCY MOTION TO COMPEL RESPONDENTS' COMPLIANCE WITH THE TERMS OF THE PROTECTIVE ORDER

PLEASE TAKE NOTICE that on such date as the Court shall determine, Petitioners, by and through undersigned counsel, shall move for an order to compel Respondents to comply with the terms of the protective order and to cease impeding Petitioner's correspondence with counsel and immediately restore legal mail privileges as set forth in the accompanying Memorandum in Support of Petitioners' Motion.

Dated: August 30th 2006

                                          /s/ H. Candace Gorman
                                          H. Candace Gorman

H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis (IL Bar #6285095)
Law Office of H. Candace Gorman
542 S. Dearborn – Suite 1060
Chicago, IL 60605
Tel: (312) 427-2313
Fax: (312) 427-9552

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL HAMID ABDUL SALAM AL-GHIZZAWI )<br>    Detainee, )<br>    Guantanamo Bay Naval Station )<br>    Guantanamo Bay, Cuba; )<br>                                          )<br>                        *Petitioner*, )<br>                                          )<br>            v.                         )<br>                                          )<br>GEORGE W. BUSH, *et al.*,       )<br>                                          )<br>                        *Respondents.*   )  | Civil Action No. 05-cv-02378<br><br>Judge John B. Bates |

**MEMORANDUM IN SUPPORT OF PETITIONER'S EMERGENCY MOTION TO COMPEL RESPONDENTS' COMPLIANCE WITH THE TERMS OF THE PROTECTIVE ORDER**

Petitioner Abdul Hamid Abdul Salam Al-Ghizzawi (hereinafter Al-Ghizzawi), by and through undersigned counsel, states the following in support of his motion to compel Respondents' compliance with the terms of the protective order:[1]

1. The Court entered the Protective Order[2] in its entirety in this matter by order dated June 2, 2006 after Petitioner filed a renewed emergency motion for access to her client.

---

[1] Counsel brings to this Court's attention a motion regarding similar issues filed in front of Magistrate Judge Kay in *Al-Anazi, et. al., v. Bush*, 05-cv-00345 (JDB).
[2] November 8, 2004 Amended Protective Order and Procedures For Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba.

2

2. Exhibit A, Section IV of the Protective Order provides for procedures to allow counsel and their detainee clients to communicate via the legal mail[3] system described therein.

3. Counsel for Petitioner in this case has sent several letters through the legal mail system since the entry of the protective order. As of meeting with her client in mid-July 2006, Petitioner was being allowed by GTMO personnel to briefly read these letters before having them taken away.

4. Through a brief postcard from Petitioner received by counsel August 29, Counsel has learned that Personnel at the Guantanamo Bay base have refused to deliver to Petitioner his legal mail from counsel and have been denying or severely curtailing his ability to send letters to counsel. Petitioner has been told that mail has been sent to him from his counsel, but that he will not be allowed to read it. Petitioner has also been told that he is not allowed to write letters to his counsel. Up until mid-July, counsel for Petitioner had been receiving letters from her client.  The last two pieces of correspondence have been on tiny three by five postcards, where Mr. Al-Ghizzawi is struggling to write everything down that he needs to tell counsel.[4]

---

[3] "Legal Mail" is defined in Ex. A, Section II.E of the Protective Order as "[l]etters written between counsel and a detainee that are related to the counsel's representation of the detainee, as well as privileged documents and publicly-filed legal documents relating to that representation." (Revised Procedures for Counsel Access)

[4] In fact, the last "letter" counsel received was on a one sheet piece of paper with the writing getting smaller near the end as Mr. Al-Ghizzawi struggled to get everything on one page.  He announced at the end that his "time" was up, suggesting that his letter writing was being monitored by both time and page limitations.

3

5. Personnel at the Guantanamo Bay base have taken these actions without justification and in flagrant disregard for and in violation of the terms of the Protective Order, which protects both the ability of Petitioner to communicate with counsel as well as the privileged nature of that communication.

6. Not only does this unjustifiably interfere with the attorney-client relationship, it also poses an immediate threat to Petitioner's health, as counsel recently sent a letter to him asking for very detailed medical information. The additional information is necessary to further supplement the information Petitioner's counsel received when visiting her client in July and were asked in consultation with the medical doctors that counsel has conferred with regarding Petitioner's symptoms. According to those doctors, Petitioner is very likely suffering from a medical condition that will kill him in the near future if he is not treated promptly and effectively. The details that Petitioner's counsel seeks will help the doctors both in Chicago and Switzerland make a more definitive analysis of his condition until his records are received and appropriate tests conducted.

7. Petitioner seeks the immediate restoration of mail privileges in accordance with the Protective Order, including unrestricted and unlimited access for Petitioner to paper and pen. The Court ruled in *Al Odah* v. *United States* that "the Government is not entitled to unilaterally impose procedures that abrogate the attorney client relationship and its concomitant attorney-client

4

privilege covering communications between the detainees and their counsel."

*Al Odah* v. *United States*, 346 F. Supp. 2d 1, 5 (D.C. 2004).

WHEREFORE, for the above-stated reasons and for any other reason that may become known to the Court, Petitioner respectfully request that this Court issue an order requiring Respondents to comply with the terms of the protective order and deliver counsel's mail to Petitioner, her client, and allow Petitioner to send mail to his counsel.

Dated:   August 30th, 2006

                                            Respectfully Submitted,
                                            Counsel for Petitioner

                                            /s/ H. Candace Gorman
                                              H. Candace Gorman

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman
Elizabeth Popolis
542 S. Dearborn St., Suite 1060
Chicago, IL 60605
(312) 427-2313

**CERTIFICATE OF SERVICE**

      I, H. Candace Gorman, certify that I today caused a true and accurate copy of PETITIONER'S EMERGENCY MOTION TO COMPEL RESPONDENTS' COMPLIANCE WITH THE TERMS OF THE PROTECTIVE ORDER to be served upon the following persons by virtue of filing the above listed document with the U. S. Department of Justice Litigation Security Section:

      Terry Henry, Esq., Senior Trial Attorney
      Andrew I. Warden, Esq., Trial Attorney
      U.S. Department of Justice
      Civil Division, Federal Programs Branch
      20 Massachusetts Ave., NW, Room 7144
      Washington, DC  20530

This 30th day of August, 2006.

      /s/ H. Candace Gorman
      Counsel for Petitioner


LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis  (IL Bar #6285095)
542 S. Dearborn Street -  Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313