## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDUL HAMID ABDUL SALAM AL-GHIZZAWI** ) | |
| **Detainee,** ) | |
| **Guantanamo Bay Naval Station** ) | |
| **Guantanamo Bay, Cuba;** ) | |
| ) | **Civil Action No. 05-cv-02378** |
| ***Petitioner*,** ) | |
| ) | **Judge John D. Bates** |
| ***v.*** ) | |
| ) | |
| **GEORGE W. BUSH,** *et al.*, ) | |
| ) | |
| ***Respondents.*** ) | |

## REPLY IN SUPPORT OF PETITIONER'S MOTION TO COMPEL COMPLIANCE WITH THE TERMS OF THE PROTECTIVE ORDER

Now comes Abdul Hamid Abdul Salam Al-Ghizzawi (hereinafter Al-Ghizzawi), by and through his counsel, and replies to the Respondents' Opposition as follows:

1. Respondents claim that Petitioner's evidence is insufficient to show that his access to his mail and his ability to write to his counsel has been restricted because petitioner has only presented only "hearsay summaries or characterizations of statements" from a letter counsel received from Mr. Al-Ghizzawi.[1] However, Respondents support their arguments against Petitioner's claims by describing the terms of the Protective Order and general regulations purportedly in place at the base, which does nothing to refute Petitioner's claims that Personnel at the base are acting in violation of

---

[1] Petitioner respectfully suggests that the only feasible way for Petitioner to present direct evidence would be by testifying in an evidentiary hearing, as Petitioner' counsel cannot unilaterally waive Petitioner's attorney-client privilege by producing letters from Petitioner to counsel.

the Protective Order.  Additionally, Respondents' only support for their denials of Petitioner's allegations consists of conclusory statements in the Declaration of Colonel Dennis. Colonel Dennis' declaration contains no account of the steps he took to investigate the Petitioner's claims, who he spoke to during the investigation, or on what basis he came to the conclusion that there was no "evidence" that Mr. Al-Ghizzawi's access to legal mail materials was restricted.

2. The Respondents' suggestion that the Petitioner's complaints are based solely on his dissatisfaction with procedures while he was on disciplinary status is contrary to the statements made by Mr. Al-Ghizzawi to counsel. Respondent's assertion is based on conjecture and supported by nothing but Respondents' recitation of the procedures set out in the Protective Order and the claim that no personnel could be violating those procedures, without any explanation of the steps taken to investigate these claims.

3. In further support of Petitioner's claims, during the meetings with counsel that took place on September 19 and 20, 2006, Mr. Al-Ghizzawi informed counsel that the current *regular procedure*, not the procedure for disciplinary status,[2] is that detainees are only allowed to write legal mail correspondence one day a week, each Wednesday, when they are supplied with paper and a

---

[2] Respondents admit in their Opposition that Petitioner Al-Ghizzawi is not currently under disciplinary procedures.  According to Mr. Al-Ghizzawi the procedure for writing letters while under disciplinary procedures is even more random as it is up to the guards when, or if, you can write a letter.

pen to write and that the letter must be completed within thirty minutes. (Ex. A, Counsel's Declaration) The Respondents' new procedures regarding legal mail access are in violation of the Protective Order.

4. Finally, counsel brought with her to her meetings on September 19th and 20th, copies of each letter she had written since their last visit in mid July. Mr. Al-Ghizzawi stated that he hand not received two of those letters, dated August 17, 2006 and August 21, 2006. Those letters were sent through the legal mail procedure pursuant to the protective orders. According to the Respondents' stated procedures, Mr. Al-Ghizzawi should have received those letters four business days after the privilege team received them.[3]

5. Personnel at the Guantanamo Bay base have taken these actions without justification and in flagrant disregard for and in violation of the terms of the Protective Order, which protects both the ability of Petitioner to communicate with counsel as well as the privileged nature of that communication.

For the foregoing reasons and the reasons set forth in Petitioner's Motion, Petitioner respectfully request that this Court issue an order requiring Respondents to comply with the terms of the protective order and deliver counsel's mail to Petitioner and allow Petitioner to have pen and paper readily available and to write mail to his counsel at his discretion.

---

[3] During that meeting counsel provided Mr. Al-Ghizzawi with a copy of those two letters.

Dated:  September 25th, 2006

Respectfully Submitted,

/s/ H. Candace Gorman
Counsel for Petitioner

H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis (IL Bar #6285095)
Law Office of H. Candace Gorman
542 S. Dearborn Suite 1060
Chicago, IL 60605
Tel: (312) 427-2313

## CERTIFICATE OF SERVICE

I, H. Candace Gorman, certify that I today caused a true and accurate copy of PETITIONER'S REPLY IN SUPPORT OF PETITIONER'S MOTION TO COMPEL COMPLIANCE WITH THE TERMS OF THE PROTECTIVE ORDER  to be served upon the following persons by virtue of filing the above listed document with the U. S. Department of Justice Litigation Security Section:

Terry Henry, Esq., Senior Trial Attorney
Andrew I. Warden, Esq., Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 7144
Washington, DC  20530

This 25th day of September, 2006.

/s/ H. Candace Gorman
Counsel for Petitioner

Law Office of H. Candace Gorman
H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis  (IL Bar #6285095)
542 S. Dearborn Street -  Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313