IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDULLAH HAMID ABDALSALAM ALGHAZAWY, )
                                     )
                                     )
              Petitioner,            )
                                     )
       v.                            )        Civil Action No. 05-2378 (JDB)
                                     )
GEORGE W. BUSH, *et al.,*            )
                                     )
              Respondents.           )
_____)

## DECLARATION OF THERESA K. MITCHELL

Pursuant to 28 U.S.C. § 1746, I, Commander Theresa K. Mitchell, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1.    I am a Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2.    I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner, Abdullah Hamid Abdalsalam Alghazawy that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  20 September 2006

*Theresa K Mitchell*

Theresa K. Mitchell
CDR, JAGC, U. S. Navy



**Department of Defense**
Director, Combatant Status Review Tribunals

OARDEC/Ser: **1029**

~~FOR OFFICIAL USE ONLY~~

~~10 MAR 2005~~

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN #654**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #654 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John B. Wiegmann)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

~~FOR OFFICIAL USE ONLY~~

UNCLASSIFIED

10 Feb 05

MEMORANDUM

From: Assistant Legal Advisor
To:   Director, Combatant Status Review Tribunal
Via:  Legal Advisor

Subj:  LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL
       FOR DETAINEE ISN #654

Ref:   (a) Deputy Secretary of Defense Order of 7 July 2004
       (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl:  (1) Appointing Order for Tribunal #23 of 23 November 2004
       (2) Appointing Order for Tribunal #32 of 21 January 2005
       (3) Record of Addendum Tribunal Proceedings
       (4) Record of Original Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review
Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I
find that:

    a. The detainee was properly notified of the Tribunal process and voluntarily elected not
to participate. *See* exhibit D-a.

    b. The Tribunals were properly convened and constituted by enclosures (1) and (2).

    c. The Tribunals substantially complied with all provisions of references (a) and (b).
Note that some information in exhibits R-10 through R-13 was redacted. The FBI
properly certified in exhibits R-2a and R-2b that the redacted information would not
support a determination that the detainee is not an enemy combatant.

    d. On 24 November 2004, a Tribunal unanimously determined that the detainee was not
properly designated as an enemy combatant. Following that Tribunal, CSRT intelligence
personnel conducted another search of the Government Information for evidence relevant
to ISN #654's status. They collected additional evidence which eventually became
exhibits R-17 through R-20. Due to the detachment from OARDEC of two of the three
members of the original Tribunal panel, the additional evidence, along with the original
evidence and original Tribunal Decision Report, was presented to Tribunal panel #32 to
reconsider the detainee's status. Following their consideration of the new information
along with the original information, the second Tribunal unanimously determined that the
detainee was properly classified as an enemy combatant.

    e. The detainee did not request that any witnesses or evidence be produced.

UNCLASSIFIED

UNCLASSIFIED

Subj:  LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL
FOR DETAINEE ISN #654

    f.  The Tribunal's decision that detainee #654 is properly classified as an enemy combatant was unanimous.

    g.  A letter from the Personal Representative initially assigned to represent the detainee at Guantanamo Bay, Cuba, reflects the detainee's elections and is attached to the Tribunal Decision Report as exhibit D-b. The Tribunal was held *in absentia* outside Guantanamo Bay with a new Personal Representative who was familiar with the detainee's file. This Personal Representative had the same access to information, evidence, and witnesses as the Personal Representative from Guantanamo Bay. The detainee's Personal Representative was given the opportunity to review the record of proceedings and declined to submit post-tribunal comments to the Tribunal. *See* enclosure (4) of Record of Tribunal Proceedings

2.  The proceedings and decision of the Tribunal, as reflected in enclosure (3), are legally sufficient and no corrective action is required.

3.  I recommend that the decision of the Tribunal be approved and the case be considered final.

PETER C. BRADFORD
LT, JAGC, USNR

UNCLASSIFIED



**Department of Defense**
Director, Combatant Status Review Tribunals

23 Nov 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #23

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal
established by "Implementation of Combatant Status Review Tribunal Procedures for
Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004
is hereby convened. It shall hear such cases as shall be brought before it without further
action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

███████████████, Colonel, U.S. Air Force; President

███████████████, Lieutenant Colonel, U.S. Army Reserve; Member

███████████████, Major, U.S. Air Force Reserve; Member (JAG)

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy



**Department of Defense**
Director, Combatant Status Review Tribunals

21 Jan 05

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #32

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

      **MEMBERS:**

      ███████████, Colonel, U.S. Army; President

      ███████████, Lieutenant Colonel, U.S. Air Force; Member

      ███████████, Lieutenant Commander, JAGC, U.S. Navy; Member (JAG)

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy

~~SECRET//NOFORN//X1~~

### (U) <u>Combatant Status Review Tribunal Decision Report Cover Sheet</u>

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (3).

(U) TRIBUNAL PANEL: ___23___

(U) ISN#: ___654___

Ref:    (a) (U) Convening Order for Tribunal #23 dated 23 November 2004 (U)
       (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
       (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl:   (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/~~FOUO~~)
       (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
       (3) (U) Copies of Documentary Evidence Presented (S/NF)
       (4) (U) Personal Representative's Record Review (U/~~FOUO~~)

1.  (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2.  (U) On 24 November 2004, the Tribunal determined, by a preponderance of the evidence, that Detainee #654 is not properly designated as an enemy combatant as defined in reference (c).

3.  (U) In particular, the majority of the Tribunal finds that this detainee is not associated with al Qaida or Taliban, as more fully discussed in the enclosures.

4.  (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).

███████████████████████, Col, USAF
Tribunal President

DERV FM: Multiple Sources
DECLASS: X1

~~SECRET//NOFORN//X1~~

SECRET//NOFORN//X1

### (U) <u>Combatant Status Review Tribunal Decision Report Cover Sheet</u>

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2), (3) and (5).

(U) TRIBUNAL PANEL:  ___32___

(U) ISN#:  ___654___

Ref:  (a) (U) Convening Order for Tribunal #32 dated 21 January 2005 (U)
      (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
      (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl:  (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/FOUO)
      (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
      (3) (U) Copies of Documentary Evidence Presented (S/NF)
      (4) (U) Personal Representative's Record Review (U/FOUO)
      (5) (U) CSRT Decision Report of Tribunal #23 (undated) (S/NF)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 24 November 2004, a previous Tribunal determined, by a preponderance of the evidence, that Detainee #654 was not properly designated as an enemy combatant as defined in reference (c). See enclosure (5). On 25 January 2005, this Tribunal was convened to review additional classified evidence, unavailable to the previous Tribunal, concerning Detainee #654. On 25 January 2005, this Tribunal, upon review of all the evidence, determined that Detainee #654 was properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the majority of the Tribunal found that the preponderance of the evidence supports the finding that this detainee was a member of or associated with al Qaida, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).

                                               , Colonel, U.S. Army
           Tribunal President

UNCLASSIFIED//FOUO

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

### (Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: _____#23_____
ISN #: _____654_____

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is not properly classified as an enemy combatant and was not associated with al Qaida or Taliban. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The Tribunal conducted the proceeding on 24 November 2004. The Recorder presented Exhibits R-1 through R-3, during the unclassified portion of the Tribunal. Exhibit R-1, the Unclassified Summary of Evidence, indicates, among other things, that the detainee: is a Libyan citizen who has traveled extensively throughout North Africa and the Middle East; is a member of Libyan Islamic Fighting Group (LIFG), which is a designated foreign terrorist organization; possesses substantial historical knowledge, up to the time of his arrest, of LIFG membership and operations; visited Khaldan and Sada training camps; and that Afghan intelligence Forces arrested the detainee in Konar, Afghanistan in January of 2002.

The detainee did not attend the Tribunal hearing and affirmatively declined to participate. He also did not provide the Personal Representative with any statements or evidence to present on his behalf. The detainee's decision is reflected on the Detainee Election Form (Exhibit D-a) and the Guantanamo Personal Representative's affidavit (Exhibit D-b). The Personal Representative presented no evidence and called no witnesses. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides only conclusory statements without supporting evidence. There was no substantive evidence presented during the unclassified portion of the Tribunal and the Tribunal found it necessary to review the classified exhibits.

During the classified portion of the Tribunal hearing, the Recorder presented Exhibits R-4 through R-16 in a closed session. The Personal Representative reviewed these exhibits prior to their presentation to the Tribunal. The Personal Representative presented no classified exhibits. The Tribunal read all of the classified exhibits. The classified exhibits did not support the assertions on the Unclassified Summary of

UNCLASSIFIED//FOUO

ISN #654
Enclosure (1)
Page 1 of 3

UNCLASSIFIED//FOUO

Evidence. The Tribunal found the detainee is not properly classified as an enemy combatant.

### 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: R-1 through R-16 and D-a through D-b

    b. Testimony of the following persons: None.

    c. Statement of the detainee: None.

### 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

The Detainee requested no witnesses.

The Detainee requested no additional evidence be produced.

### 5. Discussion of Unclassified Evidence

The Tribunal considered the following unclassified evidence in making its determinations:

    Exhibit R-1, the Unclassified Summary of Evidence, as noted above, indicates, among other things, that the detainee: is a Libyan citizen who has traveled extensively throughout North Africa and the Middle East; is a member of Libyan Islamic Fighting Group (LIFG), which is a designated foreign terrorist organization; possesses substantial historical knowledge, up to the time of his arrest, of LIFG membership and operations; visited Khaldan and Sada training camps; and that Afghan intelligence Forces arrested the detainee in Konar, Afghanistan in January of 2002.

    The Tribunal also relied on Exhibits R-4 through R-16 in reaching its decision. A discussion of the classified evidence is found in Enclosures (2) and (3) to the Combatant Status Review Tribunal Decision Report.

    The Tribunal did not consider the evidence to provide a basis to find, by a preponderance of the evidence, that the detainee is associated with al Qaida or Taliban, or otherwise meet the definition of enemy combatant. This issue is discussed in greater detail in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

### 6. Consultations with the CSRT Legal Advisor

UNCLASSIFIED//FOUO

UNCLASSIFIED//~~FOUO~~

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor.

**7. Conclusions of the Tribunal**

Upon careful review of all the evidence presented in this matter, the majority of the Tribunal makes the following determinations:

    a. The detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was deemed necessary.

    b. The detainee understood the Tribunal proceedings. The detainee chose not to participate in the Tribunal process, as indicated in Exhibits D-a and D-b.

    c. The detainee is not properly classified as an enemy combatant and is not associated with al Qaida or Taliban, as determined by the majority of the Tribunal.

**8. Dissenting Tribunal Member's report**

The Tribunal's decision was unanimous. There is no dissenting Tribunal member's report.

Respectfully submitted,

Colonel, U.S. Air Force
Tribunal President

UNCLASSIFIED//~~FOUO~~

UNCLASSIFIED//~~FOUO~~

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

### (Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: _____ #32 ____
ISN #: _____ 654 ____

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and is a member of al Qaida. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The unclassified summary of evidence presented to the Tribunal by the Recorder indicated that the detainee is a Libyan citizen who has traveled extensively throughout North Africa and the Middle East and is a member of Libyan Islamic Fighting Group (LIFG), a designated foreign terrorist organization. He also possesses substantial historical and current knowledge, up to the time of his arrest, of LIFG membership and operations. The detainee visited the Khaldan and Sada training camps. Afghan Intelligence Forces arrested the detainee in Konar, Afghanistan in January 2002.

## 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

    a.  Exhibits: R-1 through R-23.

    b.  Exhibits: D-a and D-b.

    c.  There were no witnesses.

UNCLASSIFIED//~~FOUO~~

UNCLASSIFIED//~~FOUO~~

**4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses**

The detainee did not request any witnesses or additional evidence; no rulings were required.

**5. Discussion of Unclassified Evidence**

The Tribunal considered the following unclassified evidence in making its determinations:

a. The recorder offered Exhibit R-1 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence and R-2a and R-2b are the FBI request for redaction statements. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence.

b. Since the detainee did not participate in the Tribunal process, the Tribunal relied heavily on classified evidence in reaching its decision. The Tribunal also considered Exhibits D-a and D-b, unclassified information provided by the detainee and is included as part of the Combatant Status Review Tribunal Decision Report. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

**6. Consultations with the CSRT Legal Advisor**

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor.

**7. Conclusions of the Tribunal**

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

a. The detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was deemed necessary.

b. The detainee understood the Tribunal proceedings. The Personal Representative (PR) advised the detainee of his rights and read the unclassified summary of the evidence to him. The detainee affirmatively declined to participate in the Tribunal.

c. The detainee is properly classified as an enemy combatant and is a member of or associated with al Qaida.

UNCLASSIFIED//~~FOUO~~

UNCLASSIFIED//~~FOUO~~

**8. Dissenting Tribunal Member's report**

None.  The Tribunal reached a unanimous decision.

Respectfully submitted,

███████████████████████████

████████████, Colonel, U.S. Army
Tribunal President

UNCLASSIFIED//FOUO

## Personal Representative Review of the Record of Proceedings

I acknowledge that on _30_ November 2004 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #654.

██████ I have no comments.

____ My comments are attached.

████████████                          _30 NOV 04_
Name                                  Date

████████████
Signature

# DETAINEE ELECTION FORM

**Date:** 19 Nov 04

**Start Time:** 1340

**End Time:** 1415

**ISN#:** 654

**Personal Representative:** ▮▮▮▮▮▮▮▮▮ LT COL

**Translator Required?** YES          **Language?** ARABIC

**CSRT Procedure Read to Detainee or Written Copy Read by Detainee?** YES

--------------------------------------------------------------------------------

## Detainee Election:

☐ **Wants to Participate in Tribunal**

☒ **Affirmatively Declines to Participate in Tribunal**

☐ **Uncooperative or Unresponsive**

## Personal Representative Comments:

Detainee listened to the evidence and read it for himself twice and saw no point in participating based on the unclassified evidence presented.
Detainee did not wish for the PR to present any oral or written statement on his behalf.
Detainee did not request any witnesses.
Detainee did not request any documentary evidence.

Personal Representative: ▮▮▮▮▮▮▮▮▮▮▮▮

Exhibit D-a

UNCLASSIFIED//FOUO

## DETAINEE SESSION NOTES

| PR: | 118 |
|-----|-----|
| ISN: | 654 |

**Initial Session**

Detainee's demeanor/attitude while explaining the CSRT process:

> Willing, but not eager, to listen; distrustful the CSRT process; frustrated.

**Notes (if required)**

Provide additional details. Also explain in-camp witness or documentary evidence requests. (For out-of-camp witnesses, use PR Witness Request Worksheet.)

> Detainee refuted claim that he is a member of the Libyan Islamic Fighting Group and that his training occurred during the Soviet occupation. He further stated that the other points of interest, traveling and being arrested do not mean that he is a criminal.

Page 1

UNCLASSIFIED//~~FOUO~~

## DETAINEE SESSION NOTES

### Follow-up (if required)

| Date: | |
|---|---|
| **Start Time:** | |
| **End Time:** | |

Purpose for Follow-up Session and what occurred:

### Final Session (if required)

| Date: | |
|---|---|
| **Start Time:** | |
| **End Time:** | |

Purpose for the Final Session and what occurred:

An initial interview was held with detainee AL GHAZZAWI, Abdel Hamid Ibn Abdussalem Ibn Miftah (ISN 654) on 19 Nov 04.

_____ The detainee spoke the language of the linguist and understood the linguist.

The detainee was reminded that the U.S. government established a Combat Status Review Tribunal to review his designation as an enemy combatant.

The detainee was advised that I am not an attorney or his advocate, but will assist him in the CSRT process if he chooses to participate.

The detainee was advised that a tribunal of military officers will review his enemy combatant designation even if he chooses not to participate.

The detainee was advised that he will have an opportunity to speak on his own behalf and call witnesses and ask questions of the witnesses and tribunal members.

The detainee was advised that he may choose not to appear at the Tribunal hearing or participate in the CSRT process, but that I could present information on his behalf.

The detainee confirmed that he understood the process as explained to him and did not have any questions.

The detainee affirmatively chose not to participate in the CSRT process and does not want me to present information on his behalf.

I affirm that the information above is complete and accurate to the best of my knowledge.

_____, Lt Col, USAF        _19 Nov 04_
                                                        Date

Exhibit D-b

UNCLASSIFIED

**Combatant Status Review Board**

TO: Personal Representative

FROM: OIC, CSRT (16 November 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal – AL GHAZZAWI, Abdel Hamid Ibn Abdussalem Ibn Miftah

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that the detainee is a member of, or associated with, al Qaida or the Taliban.

- The detainee is member of, or associated with, al Qaida or the Taliban:

    1. The detainee is a Libyan citizen who has traveled extensively throughout North Africa and the Middle East.

    2. The detainee is a member of Libyan Islamic Fighting Group (LIFG).

    3. The detainee possesses substantial historical and current knowledge, up to the time of his arrest, of LIFG membership and operations.

    4. The LIFG is a designated foreign terrorist organization.

    5. The detainee visited the Khaldan and Sada training camps.

    6. Afghan Intelligence Forces arrested the detainee in Konar, Afghanistan in January of 2002.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

**Page____ of ____**

UNCLASSIFIED

Exhibit
R 1

UNCLASSIFIED

## Memorandum

To    :

Date

Department of Defense                          11/23/2004
Office of Administrative Review
for Detained Enemy Combatants
Col. David Taylor, OIC, CSRT

From :    FBI GTMO
          Counterterrorism Division
          Asst. Gen. Counsel ████████

Subject   REQUEST FOR REDACTION OF
          NATIONAL SECURITY INFORMATION
          ████████████████

          Pursuant to the Secretary of the Navy Order of 29 July
2004, Implementation of Combatant Review Tribunal Procedures for
Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba,
Section D, paragraph 2, the FBI requests redaction of the
information herein marked[1].  The FBI makes this request on the
basis that said information relates to the national security of
the United States[2].  Inappropriate dissemination of said
information could damage the national security of the United
States and compromise ongoing FBI investigations.

    CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

          The FBI certifies the aforementioned redaction contains
no information that would support a determination that the
detainee is not an enemy combatant.

          The following documents relative to ISN 654 have been
redacted by the FBI and provided to the OARDEC:

FD-302 dated 07/27/2002
FD-302 dated 07/28/2002
FD-302 dated 08/14/2002


    [1]Redactions are blackened out on the OARDEC provided FBI
document.

    [2]See Executive Order 12958

UNCLASSIFIED

R2

UNCLASSIFIED

Memorandum from ███████████ to Col. David Taylor
Re:  REQUEST FOR REDACTION, 11/23/2004


        If you need additional assistance, please contact Asst.
Gen. Counsel ███████████████████████████,
████████████████████████ ██ Intelligence Analyst,████████
Intelligence Analyst █████████████████████████,


1 - ████████████████
1 - ████████████████
1 - ████████████████
1 - ████████████████
1 - ████████████████
1 - ████████████████

-2-

UNCLASSIFIED

UNCLASSIFIED

## Memorandum

To    :

Date

Department of Defense
Office of Administrative Review
for Detained Enemy Combatants
Col. David Taylor, OIC, CSRT

11/23/2004

From :   FBI GTMO
Counterterrorism Division
Asst. Gen. Counsel ████████████

Subject  REQUEST FOR REDACTION OF
NATIONAL SECURITY INFORMATION
███████████████

        Pursuant to the Secretary of the Navy Order of 29 July
2004, Implementation of Combatant Review Tribunal Procedures for
Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba,
Section D, paragraph 2, the FBI requests redaction of the
information herein marked[1].  The FBI makes this request on the
basis that said information relates to the national security of
the United States[2].  Inappropriate dissemination of said
information could damage the national security of the United
States and compromise ongoing FBI investigations.

  CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

        The FBI certifies the aforementioned redaction contains
no information that would support a determination that the
detainee is not an enemy combatant.

        The following documents relative to ISN 654 have been
redacted by the FBI and provided to the OARDEC:

FD-302 dated 07/27/2002
FD-302 dated 07/28/2002
FD-302 dated 08/14/2002


  [1]Redactions are blackened out on the OARDEC provided FBI
document.

  [2]See Executive Order 12958

UNCLASSIFIED

Exhibit
R2a

UNCLASSIFIED

Memorandum from ▓▓▓▓▓▓▓ to Col. David Taylor
Re:  REQUEST FOR REDACTION, 11/23/2004


        If you need additional assistance, please contact Asst.
Gen. Counsel ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ or Intelligence Analyst ▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓ Intelligence Analyst ▓▓▓▓▓

    1 - ▓▓▓▓▓▓▓▓▓
    1 - ▓▓▓▓▓▓▓▓▓
    1 - ▓▓▓▓▓▓▓▓▓
    1 - ▓▓▓▓▓▓▓▓▓
    1 - ▓▓▓▓▓▓▓▓▓
    1 - ▓▓▓▓▓▓▓▓▓

UNCLASSIFIED

**Memorandum**



---

To    :    Department of Defense                Date 12/02/2004
           Office of Administrative Review
           for Detained Enemy Combatants
           Capt. Charles Jamison, OIC, CSRT

From  :    FBI GTMO
           Counterterrorism Division ████████
           Asst. Gen. Counsel ████████████

Subject    REQUEST FOR REDACTION OF
           NATIONAL SECURITY INFORMATION
           ██████████████

          Pursuant to the Secretary of the Navy Order of 29 July
2004, Implementation of Combatant Review Tribunal Procedures for
Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba,
Section D, paragraph 2, the FBI requests redaction of the
information herein marked[1].  The FBI makes this request on the
basis that said information relates to the national security of
the United States[2].  Inappropriate dissemination of said
information could damage the national security of the United
States and compromise ongoing FBI investigations.

   CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
   DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

          The FBI certifies the aforementioned redaction contains
no information that would support a determination that the
detainee is not an enemy combatant.

          The following documents relative to ISN 654 have been
redacted by the FBI and provided to the OARDEC:

FD-302 dated 07/01/02
FD-302 dated 04/24/03

---

[1]Redactions are blackened out on the OARDEC provided FBI document.

[2]See Executive Order 12958

Exhibit
R-2b    1/2

Memorandum from ███████ to Capt. Charles Jamison
Re:   REQUEST FOR REDACTION, 12/02/2004


          If you need additional assistance, please contact Asst.
Gen. Counsel ████████████████████,
                               or Intelligence Analyst (IA)
███ IA ██████████████████████████

-2-

2/2



# UNCLASSIFIED

**U.S. Department of Homeland Security**
**U.S. Customs and Border Protection**
**Office of Border Patrol**

# Terrorist Organization
# Reference Guide

**January 2004**

*Exhibit*
*123*

# UNCLASSIFIED



# UNCLASSIFIED

## U. S. BUREAU OF CUSTOMS AND BORDER PROTECTION

**Purpose:** The purpose of the Terrorist Organization Reference Guide is to provide the Field with a who's who in terrorism. The main players and organizations are identified so the CBP Officer and BP Agent can associate what terror groups are from what countries, in order to better screen and identify potential terrorists.

**Limitations (Gaps in Data):** This Guide is based upon the information available to this office at the time that the report was prepared.

> **NOTE:** This report is based upon information obtained from various open sources. No classified information was used in the preparation of this report.

For corrections, amendments, and suggestions, notify:

> Office of Border Patrol
> Bldg. 11624 SSG Sims Road,
> Biggs AAF,
> El Paso, TX 79908
> Mailing Address:  Attn. BPSCC P.O. Box 6017
> El Paso, Texas 79906
> POC Kent D. Thew
> Tel: (915) 724-3218

UNCLASSIFIED

● **UNCLASSIFIED**

## Table of Contents

|  | | |
|---|---|---|
| | Designated Foreign Terrorist Organizations | 1 |
| 1. | Abu Nidal organization (ANO) | 2 |
| 2. | Abu Sayyaf Group (ASG) | 3 |
| 3. | Al-Aqsa Martyrs Brigade | 4 |
| 4. | Armed Islamic Group (GIA) | 5 |
| 5. | 'Asbat al-Ansar | 6 |
| 6. | Aum Supreme Truth (Aum) Aum Shinrikyo, Aleph | 6 |
| 7. | Basque Fatherland and Liberty (ETA) | 7 |
| 8. | Communist Party of Philippines/New People's Army (CPP/NPA) | 8 |
| 9. | Al-Gama'a al-Islamiyya (Islamic Group, IG) | 9 |
| 10. | HAMAS (Islamic Resistance Movement) | 10 |
| 11. | Harakat ul-Mujahidin (HUM) | 11 |
| 12. | Hizballah (Party of God) | 13 |
| 13. | Islamic Movement of Uzbekistan (IMU) | 14 |
| 14. | Jaish-e-Mohammed (JEM) | 15 |
| 15. | Jemaah Islamiya (JI) | 16 |
| 16. | Al-Jihad (Egyptian Islamic Jihad) | 17 |
| 17. | Kahane Chai (Kach) | 18 |
| 18. | Kurdistan Workers' Party (PKK, KADEK) | 18 |
| 19. | Lashkar-e-Tayyiba (LT) | 20 |
| 20. | Lashkar I Jhangvi (LJ) | 21 |
| 21. | Liberation Tigers of Tamil Eelam (LTTE) | 22 |
| 22. | Mujahedin-e Khalq Organization (MEK or MKO) | 23 |
| 23. | National Liberation Army (ELN) – Colombia | 24 |
| 24. | Palestine Islamic Jihad (PIJ) | 25 |
| 25. | Palestine Liberation Front (PLF) | 26 |
| 26. | Popular Front for the Liberation of Palestine (PFLP) | 26 |
| 27. | Popular Front for the Liberation of Palestine - General Command (PFLP-GC) | 27 |
| 28. | Al-Qaeda | 28 |
| 29. | Real IRA (RIRA) | 29 |
| 30. | Revolutionary Armed Forces of Colombia (FARC) | 30 |
| 31. | Revolutionary Nuclei | 31 |
| 32. | Revolutionary Organization 17 November (17 November) | 32 |
| 33. | Revolutionary People's Liberation Party/Front (DHKP/C) | 33 |
| 34. | Salafist Group for Call and Combat (GSPC) | 34 |
| 35. | Sendero Luminoso (Shining Path or SL) | 35 |
| 36. | United Self-Defense Forces/Group of Colombia (AUC) | 36 |
| | Other Foreign Terrorist Organizations | 39 |
| 37. | Al-Badhr Mujahedin (al-Badr) | 40 |
| 38. | Alex Boncayao Brigade (ABB) | 40 |
| 39. | Al-Ittihad al-Islami (AIAI) | 41 |
| 40. | Allied Democratic Forces (ADF) | 42 |
| 41. | Ansar al-Islam (Iraq) | 42 |
| 42. | Anti-Imperialist Territorial Nuclei (NTA) | 43 |

# UNCLASSIFIED

43. Army for the Liberation of Rwanda (ALIR) ........................................................ 44
44. Cambodian Freedom Fighters (CFF) ................................................................ 45
45. Communist Party of Nepal (Maoist)/ United People's Front .......................... 46
46. Continuity Irish Republican Army (CIRA) ....................................................... 47
47. Eastern Turkistan Islamic Movement (ETIM) ................................................. 47
48. First of October Antifascist Resistance Group (GRAPO) ............................... 48
49. Harakat ul-Jihad-I-Islami (HUJI) ...................................................................... 49
50. Harakat ul-Jihad-I-Islami/Bangladesh (HUJI-B) ............................................. 50
51. Hizb-I Islami Gulbuddin (HIG) ......................................................................... 50
52. Hizb ul-Mujahedin (HM) .................................................................................. 51
53. Irish Republican Army (IRA) ............................................................................ 52
54. Islamic Army of Aden (IAA) ............................................................................ 53
55. Islamic International Peacekeeping Brigade (IIPB) ......................................... 54
56. Jamiat ul-Mujahedin (JUM) ............................................................................. 55
57. Japanese Red Army (JRA) .............................................................................. 55
58. Kumpulan Mujahidin Malaysia (KMM) ............................................................ 56
59. Libyan Islamic Fighting Group ........................................................................ 57
60. Lord's Resistance Army (LRA) ........................................................................ 58
61. Loyalist Volunteer Force (LVF) ....................................................................... 58
62. Moroccan Islamic Combatant Group (GICM) ................................................. 59
63. New Red Brigades/Communist Combatant Party (BR/PCC) ........................... 60
64. People Against Gangsterism and Drugs (PAGAD) ......................................... 61
65. Red Hand Defenders (RHD) ........................................................................... 62
66. Revolutionary Proletarian Initiative Nuclei (NIPR) ......................................... 62
67. Revolutionary United Front (RUF) .................................................................. 63
68. Riyadus-Salikhin Reconnaissance and Sabotage Battalion of Chechen Martyrs 64
69. Sipah-I-Sahaba/Pakistan (SSP) ...................................................................... 65
70. Special Purpose Islamic Regiment (SPIR) ..................................................... 65
71. The Tunisian Combatant Group (TCG) ........................................................... 66
72. Tupac Amaru Revolutionary Movement (MRTA) ............................................ 67
73. Turkish Hizballah ............................................................................................ 68
74. Ulster Defense Association/Ulster Freedom Fighters (UDA/UFF) .................. 68

Terrorist Exclusion List ......................................................................................... 71

Mexican Insurgent/Guerrilla Organizations ........................................................... 77

End Notes .............................................................................................................. 84

UNCLASSIFIED

**Designated Foreign Terrorist Organizations**

UNCLASSIFIED

● **UNCLASSIFIED**

## Designated Foreign Terrorist Organizations[1]

The following descriptive list constitutes the 36 terrorist groups that currently (as of 30 January 2003) are designated by the Secretary of State as Foreign Terrorist Organizations (FTOs), pursuant to section 219 of the Immigration and Nationality Act, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. The designations carry legal consequences:

- It is unlawful to provide funds or other material support to a designated FTO.
- Representatives and certain members of a designated FTO can be denied visas or excluded from the United States.
- US financial institutions must block funds of designated FTOs and their agents and must report the blockage to the US Department of the Treasury.

## 1.    Abu Nidal organization (ANO)

**a.k.a. Fatah - the Revolutionary Council, Arab Revolutionary Brigades, Black September, and Revolutionary Organization of Socialist Muslims**

**Description**

Has carried out terrorist attacks in 20 countries, killing or injuring almost 900 persons. Targets include the United States, the United Kingdom, France, Israel, moderate Palestinians, the PLO, and various Arab countries. Major attacks included the Rome and Vienna airports in December 1985, the Neve Shalom synagogue in Istanbul and the Pan Am Flight 73 hijacking in Karachi in September 1986, and the City of Poros day-excursion ship attack in Greece in July 1988. Suspected of assassinating PLO deputy chief Abu Iyad and PLO security chief Abu Hul in Tunis in January 1991. ANO assassinated a Jordanian diplomat in Lebanon in January 1994 and has been linked to the killing of the PLO representative there. Has not staged a major attack against Western targets since the late 1980s.

**Strength**

Few hundred plus limited overseas support structure.

**Location/Area of Operation**

Elements relocated to Iraq in December 1998, where the group maintains a presence. Has an operational presence in Lebanon including in several Palestinian refugee camps. Authorities shut down the ANO's operations in Libya and Egypt in 1999. Has demonstrated ability to operate over wide area, including the Middle East, Asia, and Europe. Financial problems and internal disorganization have reduced the group's activities and capabilities.

**UNCLASSIFIED**

 **UNCLASSIFIED**

including US citizens. Several of the arrested militants have reportedly undergone military training in Afghanistan, and some fought with the Afghan mujahidin during the war against the former Soviet Union. Others are alleged to have ties to Islamic extremist organizations in Indonesia and the Philippines.

### Strength

Malaysian police assess the KMM to have 70 to 80 members. The Malaysian police continued to investigate more than 200 suspected Muslim militants throughout 2002.

### Location/Area of Operation

The KMM is reported to have networks in the Malaysian states of Perak, Johor, Kedah, Selangor, Terengganu, and Kelantan. They also operate in Wilayah Persukutuan, the federal territory comprising Kuala Lumpur. According to press reports, the KMM has ties to radical Indonesian Islamic groups and has sent members to Ambon, Indonesia, to fight against Christians.

### External Aid

Largely unknown, probably self-financing.

## 59.    Libyan Islamic Fighting Group

**a.k.a. Al-Jam'a al-Islamiyyah al-Muqatilah, Fighting Islamic Group, Libyan Fighting Group, Libyan Islamic Group**

### Description

Emerged in 1995 among Libyans who had fought against Soviet forces in Afghanistan. Declared the government of Libyan leader Muammar Qadhafi un-Islamic and pledged to overthrow it. Some members maintain a strictly anti-Qadhafi focus and organize against Libyan Government interests, but others are aligned with Usama Bin Ladin's al-Qaeda organization or are active in the international mujahidin network. The group was designated for asset freeze under E.O.13224 and UNSCR 1333 in September 2001.

### Activities

Claimed responsibility for a failed assassination attempt against Qadhafi in 1996 and engaged Libyan security forces in armed clashes during the mid-to-late 1990s. Continues to target Libyan interests and may engage in sporadic clashes with Libyan security forces.

### Strength

Not known but probably has several hundred active members or supporters.

# Combatant Status Review
## Unclassified Document Release Approval
### For ISN __654__

**Joint Intelligence Group –
Detainee Assessment Branch**

Signature:_____

Name/Rank: ███████████ /MAJ

Title: OIC- Detainee Assessment Branch

Date: _____

**Joint Intelligence Group**

Signature:_____

Name/Rank: ███████████

Title: Director, Joint Intelligence Group

Date: _____

**Joint Intelligence Group –
Interrogation Control Element**

Signature:_____

Name/Rank: ███████████

Title: OIC- Interrogation Control Element

Date:_____

**JTF-GTMO, J2**

Signature:_____

Name/Rank: ███████████ /Lt Col

Title: Director of Intelligence JTF GTMO

Date: _____

**FBI**

Signature: ███████████

Name/Rank: ███████████

Title: __SSA__

Date: __11/19/2004__

**Memorandum**



To     :   Department of Defense          Date  11/15/2004
           Office of Administrative Review
           for Detained Enemy Combatants
           Capt. Charles Jamison, OIC, CSRT

From   :   FBI GTMO
           Counterterrorism Division ██████████
           Asst. Gen. Counsel ████████████████
                              █████████████████

Subject:   REQUEST FOR REDACTION OF
           NATIONAL SECURITY INFORMATION
           ███████████████

        Pursuant to the Secretary of the Navy Order of 29 July
2004, Implementation of Combatant Review Tribunal Procedures for
Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba,
Section D, paragraph 2, the FBI requests redaction of the
information herein marked[1].  The FBI makes this request on the
basis that said information relates to the national security of
the United States[2].  Inappropriate dissemination of said
information could damage the national security of the United
States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

        The FBI certifies the aforementioned redaction contains
no information that would support a determination that the
detainee is not an enemy combatant.

        The following documents relative to ISN 654 have been
redacted by the FBI and provided to the OARDEC:

FD-302 dated 07/01/02
FD-302 dated 04/24/03

---

[1]Redactions are blackened out on the OARDEC provided FBI document.

[2]See Executive Order 12958

Memorandum from ▓▓▓▓▓▓ to Capt. Charles Jamison
Re:   REQUEST FOR REDACTION, 11/15/2004


        If you need additional assistance, please contact Asst.
Gen. Counsel ▓▓▓▓▓▓▓▓▓▓▓▓▓, ▓▓▓ or Intelligence Analyst (IA)
▓▓ IA ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Memorandum          UNCLASSIFIED          

---

To      :    Department of Defense                    Date  12/02/2004
             Office of Administrative Review
             for Detained Enemy Combatants
             Capt. Charles Jamison, OIC, CSRT

From    :    FBI GTMO
             Counterterrorism Division ███████████
             Asst. Gen. Counsel ████████████

Subject :    REQUEST FOR REDACTION OF
             NATIONAL SECURITY INFORMATION
             ███████████

        Pursuant to the Secretary of the Navy Order of 29 July
2004, Implementation of Combatant Review Tribunal Procedures for
Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba,
Section D, paragraph 2, the FBI requests redaction of the
information herein marked[1].   The FBI makes this request on the
basis that said information relates to the national security of
the United States[2].   Inappropriate dissemination of said
information could damage the national security of the United
States and compromise ongoing FBI investigations.

   CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
   DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

        The FBI certifies the aforementioned redaction contains
no information that would support a determination that the
detainee is not an enemy combatant.

        The following documents relative to ISN 654 have been
redacted by the FBI and provided to the OARDEC:

FD-302 dated 07/01/02
FD-302 dated 04/24/03

---

   [1]Redactions are blackened out on the OARDEC provided FBI document.

   [2]See Executive Order 12958

*p. 1/2*

UNCLASSIFIED

UNCLASSIFIED

Memorandum from ███████████ to Capt. Charles Jamison
Re:  REQUEST FOR REDACTION, 12/02/2004


        If you need additional assistance, please contact Asst.
Gen. Counsel ████████████████      or Intelligence Analyst (IA)
███████ IA ████████████████████████████████████████████████████

P. -2-/2

UNCLASSIFIED

UNCLASSIFIED

## Memorandum

To        :                                                    Date

Department of Defense                    11/23/2004
Office of Administrative Review
for Detained Enemy Combatants
Col. David Taylor, OIC, CSRT

From :    FBI GTMO
          Counterterrorism Division
          Asst. Gen. Counsel ██████████

Subject   REQUEST FOR REDACTION OF
          NATIONAL SECURITY INFORMATION
          ████████████████

          Pursuant to the Secretary of the Navy Order of 29 July
2004, Implementation of Combatant Review Tribunal Procedures for
Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba,
Section D, paragraph 2, the FBI requests redaction of the
information herein marked[1].  The FBI makes this request on the
basis that said information relates to the national security of
the United States[2].  Inappropriate dissemination of said
information could damage the national security of the United
States and compromise ongoing FBI investigations.

  CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
  DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

          The FBI certifies the aforementioned redaction contains
no information that would support a determination that the
detainee is not an enemy combatant.

          The following documents relative to ISN 654 have been
redacted by the FBI and provided to the OARDEC:

FD-302 dated 07/27/2002
FD-302 dated 07/28/2002
FD-302 dated 08/14/2002

[1]Redactions are blackened out on the OARDEC provided FBI
document.

[2]See Executive Order 12958

UNCLASSIFIED

R2

UNCLASSIFIED

Memorandum from ▌▌▌▌▌▌ to Col. David Taylor
Re:  REQUEST FOR REDACTION, 11/23/2004


      If you need additional assistance, please contact Asst.
Gen. Counsel ▌▌▌▌▌▌▌▌▌▌▌▌, or Intelligence Analyst ▌▌▌▌

Intelligence Analyst ▌▌▌▌

1 - ▌▌▌▌
1 - ▌▌▌▌
1 - ▌▌▌▌
1 - ▌▌▌▌
1 - ▌▌▌▌
1 - ▌▌▌▌

-2-

UNCLASSIFIED

**Memorandum**



To     :   Department of Defense          Date  11/15/2004
           Office of Administrative Review
           for Detained Enemy Combatants
           Capt. Charles Jamison, OIC, CSRT

From   :   FBI GTMO
           Counterterrorism Division ███████████
           Asst. Gen. Counsel███████████████████

Subject:   REQUEST FOR REDACTION OF
           NATIONAL SECURITY INFORMATION
           ████████████████

        Pursuant to the Secretary of the Navy Order of 29 July
2004, Implementation of Combatant Review Tribunal Procedures for
Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba,
Section D, paragraph 2, the FBI requests redaction of the
information herein marked[1].  The FBI makes this request on the
basis that said information relates to the national security of
the United States[2].  Inappropriate dissemination of said
information could damage the national security of the United
States and compromise ongoing FBI investigations.

  CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
  DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

        The FBI certifies the aforementioned redaction contains
no information that would support a determination that the
detainee is not an enemy combatant.

        The following documents relative to ISN 654 have been
redacted by the FBI and provided to the OARDEC:

FD-302 dated 07/01/02
FD-302 dated 04/24/03

─────────────────

  [1]Redactions are blackened out on the OARDEC provided FBI
document.

  [2]See Executive Order 12958

Memorandum from ███████ to Capt. Charles Jamison
Re:  REQUEST FOR REDACTION, 11/15/2004


        If you need additional assistance, please contact Asst.
Gen. Counsel ██████████, or Intelligence Analyst (IA)
███ IA ████████████████████████████████████████

**Memorandum**



To    :    Department of Defense            Date  11/23/2004
           Office of Administrative Review
           for Detained Enemy Combatants
           Col. David Taylor, OIC, CSRT

From  :    FBI GTMO
           Counterterrorism Division ███████████
           Asst. Gen. Counsel ████████████████

Subject:   REQUEST FOR REDACTION OF
           NATIONAL SECURITY INFORMATION
           ████████████████

         Pursuant to the Secretary of the Navy Order of 29 July
2004, Implementation of Combatant Review Tribunal Procedures for
Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba,
Section D, paragraph 2, the FBI requests redaction of the
information herein marked[1].  The FBI makes this request on the
basis that said information relates to the national security of
the United States[2].  Inappropriate dissemination of said
information could damage the national security of the United
States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

         The FBI certifies the aforementioned redaction contains
no information that would support a determination that the
detainee is not an enemy combatant.

         The following documents relative to ISN 654 have been
redacted by the FBI and provided to the OARDEC:

FD-302 dated 07/27/2002
FD-302 dated 07/28/2002
FD-302 dated 08/14/2002

_____

    [1]Redactions are blackened out on the OARDEC provided FBI
document.

    [2]See Executive Order 12958

Memorandum from ███████████ to Col. David Taylor
Re:  REQUEST FOR REDACTION, 11/23/2004


        If you need additional assistance, please contact Asst.
Gen. Counsel ███████████████████████████████ or Intelligence Analyst ███████████

Intelligence Analyst ███████████████████████████████

**Memorandum**



---

To      :   Department of Defense                Date  12/02/2004
            Office of Administrative Review
            for Detained Enemy Combatants
            Capt. Charles Jamison, OIC, CSRT

From    :   FBI GTMO
            Counterterrorism Division ███████████
            Asst. Gen. Counsel ███████████

Subject :   REQUEST FOR REDACTION OF
            NATIONAL SECURITY INFORMATION
            ███████████████

        Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1].  The FBI makes this request on the basis that said information relates to the national security of the United States[2].  Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

        The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

        The following documents relative to ISN 654 have been redacted by the FBI and provided to the OARDEC:

FD-302 dated 07/01/02
FD-302 dated 04/24/03

---

[1]Redactions are blackened out on the OARDEC provided FBI document.

[2]See Executive Order 12958

Memorandum from ███████████ to Capt. Charles Jamison
Re:  REQUEST FOR REDACTION, 12/02/2004


        If you need additional assistance, please contact Asst.
Gen. Counsel ███████████████████████,
                                  ██████ or Intelligence Analyst (IA)
███████IA ████████████████████████████████████████

UNCLASSIFIED//~~FOUO~~

## Personal Representative Review of the Record of Proceedings

I acknowledge that on *27 JAN 05* I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #654.

✓ I have no comments.

____ My comments are attached.

████████████  *MAJ USAF*                    27 JAN 05
Name                                         Date

████████████
Signature

ISN #654
Enclosure (4)

UNCLASSIFIED//~~FOUO~~