Cleared for Public Filing

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL HAMID ABDUL SALAM AL-GHIZZAWI<br>    Detainee,<br>    Guantanamo Bay Naval Station<br>    Guantanamo Bay, Cuba;<br><br>                              *Petitioner*,<br><br>    v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>                              *Respondents*. | Civil Action No. 05-cv-02378<br><br>Judge John B. Bates |

**REPLY IN SUPPORT OF PETITIONER'S MOTION TO RECONSIDER THIS COURT'S ORDER DENYING PETITIONER'S MOTION TO COMPEL ACCESS TO MEDICAL RECORDS AND TO REQUIRE EMERGENCY MEDICAL TREATMENT**

Petitioner Abdul Hamid Abdul Salam Al-Ghizzawi (hereinafter Al-Ghizzawi), by and through undersigned counsel, states the following reply in support of his motion to Reconsider this Court's Order denying Petitioner's motion to compel Respondents to provide his counsel with access to his medical records and to require emergency medical tests and treatment:

1. Perhaps the most telling part of the government's response is in the last sentence of Dr. Sollock's affidavit in which he admits that they are "considering" consulting with a Gastroenterologist regarding Mr. Al-Ghizzawi health condition. (Sollock 2nd Decl, ¶5) This scenario suggests that the medical staff at Guantánamo realizes that there is a problem with Mr. Al-Ghizzawi that they cannot address

themselves. There are two potential problems with this admission, the first is obvious, why a gastroenterologist?  Based on Mr. Al-Ghizzawi's symptoms, this it is the wrong kind of specialist (a gastroenterologist is not the appropriate specialist for liver problems unless of course the gastroenterologist that the government is considering also happens to be a hepatologist and they are just not mentioning that point).  A second concern is that this admission may suggest that recent testing on Mr. Al-Ghizzawi has turned up additional problems  (or produced a diagnosis) that was unmentioned in Dr. Sollock affidavits.  This, in turn, presents a third problem and that is that that they are  only "considering" turning to an outside practitioner and that they refuse to state conclusively that they will bring in a specialist.  In any event, it is clear the government cannot be taken at its word that Mr. Al-Ghizzawi is doing just fine and/or that any problems he has are of his own volition. Petitioner's counsel hereby supplements her previous affidavit as Ex. I  herein.

    2.    The Respondents' Opposition to the Petitioner's Motion for Reconsideration rests almost solely on claims that the Petitioner, and implicitly Petitioner's counsel, have lied to this Court regarding Mr. Al-Ghizzawi's symptoms and treatment. (Resp. Opp. p. 4, 6, 7, 10; Ex. 4, ¶¶ 1, 3, 4, 5) However, the only evidence that the Petitioner's claims are false is, once again, the affidavit of Captain Sollock, who *lacks firsthand knowledge* of Petitioner's treatment and does not disclose how or where he received his knowledge regarding Petitioner, including apparent conversations between Petitioner and individuals at the medical clinic. In fact, Dr. Sollock goes so far as to reject what Mr. Al-Ghizzawi has stated based on the procedures that are "supposed" to

be in place. The Respondents argue that there is "no basis" for rejecting the declarations of Captain Sollock based upon the "mere storyteller" "tale" of a detainee and the "self-serving, subjective and suggestive observations" of counsel. (Resp. Opp., p. 6, 10, fn 9) This only provides support for Petitioner's argument that, without the ability to view his medical records, he lacks the ability to provide direct evidence apart from his statements and the observations of counsel to contradict Respondents' claims.[1]

    3.    Respondents also state that Petitioner's affidavits do not explain how Guantanamo is not following appropriate medical guidelines, especially in light of the "fact" that the medical authorities there "adhere to prevailing medical standards in their care of detainees." (Resp. Opp., p. 8, fn 8). However, the affidavits of Petitioner's experts do clearly point to the appropriate medical guidelines, the ways in which the government's care is not in keeping with those guidelines, as well as pointing to what tests are lacking that should have properly been administered to Petitioner. (Ex G to Motion to Reconsider, ¶ 19-22; Ex H, ¶ 22-24) The conclusory statements from Captain Sollock's affidavit that the medical authorities follow protocols "in accordance with prevailing standards" does not refute the statements made by Drs. Jensen and Reichen as to what the actual "prevailing standards" are. (Sollock 2nd Decl, ¶ 2(c)) Furthermore, the elaborate explanations of all that would be done to monitor Petitioner's hepatitis B

---

[1] However, unexplained inconsistencies can be spotted even within Captain Sollock's affidavits. For instance, in the initial affidavit, Captain Sollock stated that Petitioner's tuberculosis was diagnosed in June 2004, and that he refused treatment (Sollock, ¶ 13), but in his more recent Declaration, states that Petitioner was not informed of his condition until Nov, 2004, when he refused treatment. (Sollock 2nd Decl, ¶ 3(b)) Also in the most recent affidavit, Captain Sollock states that in March 2006, Petitioner received a routine Hepatitis B evaluation, but also states that he both refused the examination and showed no signs of the disease. (Id at ¶2(f))

and tuberculosis do not appear to address the concern expressed by Petitioner's experts that the medical staff is not doing what is necessary to monitor his risk of liver cancer or other liver disease.

4. Respondents attempts, now supplemented by apparently *new* information found by Captain Sollock, to blame the lack of care provided to Petitioner on his alleged refusal of treatment and testing, is again belied by the Petitioner's repeated attempts to gain representation from counsel because he required treatment for his illness. Petitioner admitted to <u>once</u> refusing a test out of frustration. (Ex F Motion to reconsider, ¶ E)  It defies logic, once again, that a Petitioner so concerned about his deteriorating health, would accept treatment for an ingrown toe nail, but would reject treatment for tuberculosis or tests to search for signs of liver disease.

5. The government wants us to believe that Mr. Al-Ghizzawi has chosen death over life.  A fact not realistic, even in the horrors of Guantánamo.  Mr. Al-Ghizzawi is a husband and a father. He wants to see his family again. He has allowed the government to operate on his toe nails and we are expected to believe that he knowingly has turned down life saving treatments... and we are to take that word not by someone who has actual and independent knowledge but by somehow who knows what the procedures are "supposed" to be.

WHEREFORE, for the above-stated reasons and for any other reason that may become known to the Court, Petitioner respectfully request that this Court reconsider its Order denying Petitioner's Motion to compel access to medical records and for emergency medical treatment.

Dated:   October 23, 2006

                                      Respectfully Submitted,
                                      Counsel for Petitioner

                                      /s/ H. Candace Gorman
                                        H. Candace Gorman

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman
Elizabeth Popolis
542 S. Dearborn St., Suite 1060
Chicago, IL 60605
(312) 427-2313

## CERTIFICATE OF SERVICE

    I, H. Candace Gorman, certify that I today caused a true and accurate copy of PETITIONER'S MOTION TO RECONSIDER THIS COURT'S ORDER DENYING PETITIONER'S MOTION TO COMPEL ACCESS TO MEDICAL RECORDS AND TO REQUIRE EMERGENCY MEDICAL TREATMENT to be served upon the following persons by virtue of filing the above listed document with the U. S. Department of Justice Litigation Security Section:

        Terry Henry, Esq., Senior Trial Attorney
        Andrew I. Warden, Esq., Trial Attorney
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Ave., NW, Room 7144
        Washington, DC  20530

This 23rd day of October, 2006.

        /s/ H. Candace Gorman
        Counsel for Petitioner

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis  (IL Bar #6285095)
542 S. Dearborn Street -  Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313