Cleared for Public Filing

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ABDUL HAMID ABDUL SALAM AL-GHIZZAWI**<br>    Detainee,<br>    Guantánamo Bay Naval Station<br>    Guantánamo Bay, Cuba;<br><br>                            *Petitioner*,<br><br>        v.<br><br>**GEORGE W. BUSH,** *et al.*,<br><br>                            *Respondents*. | )<br>)<br>)<br>)<br>)<br>) **Civil Action 05-cv-2378**<br>)<br>) **Judge John B. Bates**<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITIONER'S SUPPLEMENTAL STATEMENT AND AUTHORITY IN
RESPONSE TO THE GOVERNMENTS' MOTION TO DISMISS AND
PETITIONER'S MOTION TO STAY AND ABEY**

Now comes the Petitioner Al-Ghizzawi, by and through his attorney, H. Candace Gorman and asks this Court to allow Petitioner to submit the attached supplemental authority, for the following reasons:

Petitioner Al-Ghizzawi asked this court to Stay and Abey Mr. Al-Ghizzawi's case while the adequacy of the MCA was tested in the courts. The first real test of the adequacy of the MCA came on June 4th 2007 at the arraignments of Mr. Hamdan and Mr. Khadr before the military commission. (Orders are attached as Ex. A and B) Charges against both men were dismissed (without prejudice) for lack of jurisdiction. The orders granting dismissal clearly shows that the MCA is not, and cannot ever be, considered an adequate

substitute for habeas corpus. In fact, the order in Hamdan suggests that the government will never be able to prove that the prisoner is anything other than an enemy combatant and that Hamdan… along with every other prisoner at Guantanamo should have been treated all these years at a minimum, as POWs. (See, ¶'s 1-4, Decision and Discussion)

In addition the Supreme Court on that same June 4, 2007 invited the government to respond to the petition for rehearing in *Boumediene* et al. A link to the docket at http://www.supremecourtus.gov/docket/06-1195.htm shows that the government has 30 days to respond to that order.

Mr. Al-Ghizzawi, who was found to be a **non-enemy combatant** in his CSRT and was only found to be an "enemy combatant" after the military did a "re-do" CSRT five weeks later (falsely claiming new evidence), has been held in solitary confinement in Camp 6 since December of 2006. At the very least, under the military commission orders, Mr. Al-Ghizzawi and the other detainees who have been categorized as "enemy combatants" should be treated with the rights and dignity of POWs while their claims for release are pending, as neither Mr. Al-Ghizzawi nor any other prisoner at Guantánamo has been found to be an "alien unlawful enemy combatant." Instead Mr. Al-Ghizzawi, a very ill and innocent man, has been kept under the most horrendous of conditions. Counsel for Al-Ghizzawi suggests to this Court that our country has an obligation to show ourselves and the world that we know the *proper way* to treat those whom we have categorized as prisoners of war.

Wherefore Mr. Al-Ghizzawi asks this Court to allow him to submit these additional authorities and, at an absolute minimum, asks this Court to stay and abey Mr. Al-Ghizzawi's case because the writing is clearly on the wall that Mr. Al-Ghizzawi will eventually be entitled to his day in court. However, this Court could go beyond the minimum and do the right thing: order the government to hold Mr. Al-Ghizzawi under conditions befitting a POW and set his Habeas petition for a hearing, *post haste*.

                                        Respectfully Submitted,

                                        *H. Candace Gorman*
                                        H. Candace Gorman

H. Candace Gorman
Law Office of H Candace Gorman
542 S Dearborn,
Suite 1060
Chicago, IL 60605
312.427.2313