UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL HAMID AL-GHIZZAWI,<br><br>Petitioner,<br><br>v.<br><br>BARACK OBAMA, et al.,<br><br>Respondents. | Civil Action No. 05-2378 (JDB) |

## ORDER

Currently before the Court is [181] petitioner's motion to lift seal and for other relief. Previously, petitioner had requested that the unclassified factual return be kept under seal in this case. Respondents did not oppose the request, and it was granted in [141] the Court's November 24, 2008 Order. Irrespective of petitioner's request and the Court's Order, respondents represent that they made the decision to file the unclassified return in this case, and all of the coordinated Guantanamo Bay habeas cases, "under seal because [they] designated this material as 'protected information' in accordance with the Protective Order." Resp'ts' Opp'n at 2. Respondents also designated the declassified return in this case as "protected information." See Dkt. No. 177.

Now, petitioner "asks this Court to lift the seal that counsel for Petitioner had asked this Court to impose." Pet'r's Mot. at 2. Petitioner also asks the Court "to allow public disclosure of all declassified materials in [this] case." Id. In response, respondents state that they have no objection to petitioner's request, but that it would have no practical effect in this case because they filed both the unclassified and declassified returns under seal, and both returns are properly designated as "protected" -- i.e., they cannot be publicly disseminated. The Court agrees with respondents. Moreover, respondents' motion to confirm designation of unclassified factual

returns as "protected," Dkt. No. 1416 (Misc. No. 08-442), Dkt. No. 157 (Civ. A. No. 05-2378), is currently pending before Judge Hogan as coordinating judge.  Resolution of that motion will likely address, at least in part, petitioner's entitlement to the relief requested here.  Accordingly, petitioner's motion will be denied without prejudice.

Petitioner also seeks an order from this Court "to allow counsel for Petitioner to use a secure location in Chicago to review and work on documents in this case."  Pet'r's Mot. at 2.  Petitioner's counsel represents that the expense and inconvenience of traveling back and forth to Washington, D.C. to work on classified materials at the lone secure facility is "daunting."  Id.  Respondents oppose the request and argue that petitioner's counsel "is raising an issue which has already been briefed and resolved in the Government's favor" in 2004 by former coordinating judge, Judge Joyce Hens Green.  According to respondents, Judge Green ordered the establishment of one secure facility for classified work by detainee counsel "[a]fter considering a detailed joint report which outlined arguments from each side."  Resp'ts' Opp'n at 4.  The operative protective order in this case provides for only "one appropriately approved secure area for petitioners' counsel's use."  Dkt. No. 116 (Civ. A. No. 05-2378) ¶ 19.  Although the Court is sympathetic to plaintiff's counsel and to the strain placed upon her time and resources in traveling from Chicago to the secure facility in Washington, D.C., the Court is unwilling at this time to upset the carefully considered judgment of Judge Green and, subsequently, Judge Hogan as coordinating judge, in ordering the establishment and use of one, centralized secure facility in Washington.  Therefore, it is hereby

**ORDERED** that petitioner's motion to lift seal is **DENIED** without prejudice; it is further

**ORDERED** that petitioner's request to establish a secure facility in Chicago is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:  February 26, 2009