# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDUL HAMID AL-GHIZZAWI,**<br><br>Petitioner,<br><br>v.<br><br>**BARACK OBAMA, et al.,**<br><br>Respondents. | Civil Action No. 05-2378 (JDB) |

## ORDER

Currently before the Court is petitioner's motion for additional discovery. <u>See</u> Notice of Filing of Pet'r's Mot. for Add'l Disc., Dkt. No. 187. Respondents oppose this motion, primarily on the grounds that petitioner has failed to make the necessary showing under Section I.E.2 of the Court's Case Management Order ("CMO"), <u>see</u> Dkt. No. 155, to obtain the additional discovery. Petitioner makes three requests for additional discovery, which are discussed separately below.

      1.      **Actual transcripts/video/audio of Al-Ghizzawi's interviews**

Petitioner first seeks other versions of his own statements in whatever form they exist (audio, video, written transcripts, contemporaneous notes, reports from others regarding the interviews, etc.) from every interview he has been subjected to since he was taken into United States custody. Petitioner represents that he has been interviewed numerous times, that the summaries of his statements appended to the factual return are inaccurate, that his statements may have been translated erroneously, and that respondents should "not be allowed to cherry pick" which interviews it will summarize and rely upon. Pet'r's Mot. at 2 (filed under seal Jan. 31, 2009). In response, respondents argue that petitioner's request is overbroad and should be

denied because "it relates to interviews of the petitioner that are not relied upon in the factual return or have not otherwise been produced as exculpatory."  Resp't's Opp'n at 7 (filed under seal Feb. 5, 2009).  Respondents assert that they have complied with their obligations under Section I.E.1(2) of the CMO to produce "all statements, in whatever form, made or adopted by the petitioner that the government relies on to justify detention."  They also argue that petitioner falls well short of justifying production of this additional evidence under Section I.E.2 of the CMO because "petitioner does not explain how any of the other (unidentified) statements and interviews requested have any bearing on the questions before this Court, or how this request justifies the substantial governmental burdens which would be required for compliance."  Id.

Although the Court agrees that petitioner has not made the necessary showing under Section I.E.2 to justify production of evidence relating to all of his interviews, petitioner is entitled to some additional discovery pursuant to Section I.E.1(2).  Shortly after petitioner filed his discovery motion, the Court resolved a similar issue in Zaid v. Obama, Civil Action No. 05-1646, where respondents are subject to the same "automatic discovery" obligation under a parallel CMO.  See --- F. Supp. 2d ---, 2009 WL 294371 (D.D.C. Feb. 9, 2009).  In that case, the Court rejected respondents' cramped interpretation of Section I.E.1(2), and held that respondents must "produce all versions of petitioner's statements that they rely upon in any form in which those statements exist in the consolidated files" -- that is, the files compiled by the Joint Intelligence Group ("JIG") of the Joint Task Force-Guantanamo ("JTF-GTMO") and the Office for the Administrative Review of the Detention of Enemy Combatants ("OARDEC").[1]  Id. at *5.

---

[1] The Court noted that the JIG and OARDEC files, though not fully comprehensive, were "consolidated assemblages of information on each detainee . . . which were reviewed by Department of Defense and Department of Justice attorneys in preparing the factual return," and

The Court concludes that, based on petitioner's request, it is appropriate for respondents to conduct a similar search in this case. Therefore, the Court will grant petitioner's motion for additional discovery pursuant only to Section I.E.1(2) of the CMO (i.e., respondents must produce all versions of petitioner's statements that they rely upon in any form in which those statements exist in the consolidated files). Respondents are required to apply the same search parameters as set forth in Zaid.

### 2. Documents relating to accuser

Petitioner also seeks evidence relating to a former detainee who is petitioner's primary accuser with regard to one specific allegation in the amended factual return. See Am. Factual Return ¶¶ 40-43 (filed under seal Oct. 31, 2008).[2] Initially, petitioner asserts that his accuser's credibility has been called into question during the course of another Guantanamo habeas proceeding before Judge Leon. Moreover, petitioner's counsel represents that her own investigation has revealed that the accuser's mental health may be at issue, that he has a substance-abuse problem, that he may have been given certain inducements and promises of favorable treatment in return for information about other detainees, and that he has levied serious allegations against more than forty other detainees. See Pet'r's Reply at 2-3 (filed under seal Feb. 9, 2009). Hence, petitioner argues that he is entitled to his accuser's "complete file including, but not limited to, any and all documents reflecting his credibility, reliability, mental status and the number of and nature of the accusations he has made against other detainees." Id. at 3.

---

were compiled over the course of hundreds of thousands of hours. --- F. Supp. 2d ---, 2009 WL 294371, at *3.

[2] Because the accuser's identity and the substance of the allegations made against petitioner are classified, the Court cannot discuss that information in this published Order.

Respondents assert that petitioner's request is "simply overly-broad and goes far beyond the scope of discovery appropriate in a wartime habeas setting." Resp't's Opp'n at 5. According to respondents, petitioner's counsel "has now received all of the exculpatory materials identified by the Government, with the exception of one document relating to [the accuser], which the Government expects to produce shortly." Id. They also argue that requests for information regarding the accuser's mental status or accusations made against other detainees are not narrowly tailored as Section I.E.2 of the CMO requires.

Under the criteria set forth in Section I.E.2 of the CMO, petitioner has not demonstrated that he is entitled to his accuser's "complete file." However, under those same criteria -- specifically, subsection (3) -- the Court concludes that petitioner's request should be granted in part because any information that bears upon the accuser's credibility -- and therefore the reliability of the statements cited in the amended factual return -- could be exculpatory. Therefore, respondents must produce any evidence that bears upon the accuser's credibility and/or the reliability of the statements cited in paragraphs 40 through 43 of the amended factual return. This includes, but is not limited to, any evidence related to: the accuser's mental health, the accuser's alleged substance-abuse problem, inducements or promises of favorable treatment made to the accuser in exchange for testimony about petitioner, and the total number of detainees about whom the accuser provided information to the Government.

    3.    **Additional evidence and/or absence of evidence**

Petitioner's final request for additional discovery contains five distinct sub-parts and is broadly aimed at uncovering information regarding (1) petitioner's role in hostilities against the United States, and (2) whether his classification as an enemy combatant is proper. In the

alternative, petitioner requests a statement from respondents certifying that no such evidence exists. Respondents argue that these requests are "vague, overbroad, and simply do not meet the high standards articulated" by Section I.E.2 of the CMO. Resp't's Opp'n at 10. Respondents also assert that these requests are not tied "to issues raised in the factual return," nor has petitioner explained "how this discovery will enable him to rebut the factual basis for his detention without unfairly disrupting or unduly burdening the government." Id. The Court agrees. A review of petitioner's motion and reply confirm that, as respondents' assert, petitioner has not made the required showing to satisfy the standard set forth in Section I.E.2 of the CMO. Petitioner's five requests are broad and open-ended and fail to satisfy the four criteria identified in Section I.E.2. Accordingly, this request will be denied.

Therefore, it is hereby **ORDERED** that petitioner's motion is **GRANTED IN PART AND DENIED IN PART**; it is further

**ORDERED** that pursuant to Section I.E.1(2) of the CMO, respondents produce all versions of petitioner's statements that they rely upon in any form in which those statements exist in the consolidated JIG and OARDEC files; it is further

**ORDERED** that, as detailed above, respondents produce any evidence that bears upon the credibility of petitioner's primary accuser; it is further

**ORDERED** that in all other respects, petitioner's motion is **DENIED**; it is further

**ORDERED** that respondents shall have until March 20, 2009 to comply with this Order; it is further

**ORDERED** that the status report, previously due by March 5, 2009, is due by not later than April 3, 2009; and it is further

**ORDERED** that the status conference, previously scheduled for March 9, 2009, is rescheduled for April 9, 2009 at 9:30 a.m in Courtroom 8, and all deadlines relating to the motions for judgment on the pleadings shall be **STAYED** until further order of the Court.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: March 2, 2009