# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL HAMID AL-GHIZZAWI,<br><br>   Petitioner,<br><br>   v.<br><br>BARACK OBAMA, et al.,<br><br>   Respondents. | Civil Action No. 05-2378 (JDB) |

## ORDER

Currently before the Court is [257] petitioner's motion for an order[1] to show cause against respondents for violating the Court's Order of June 1, 2009.[2] That Order required the government

> to either (i) publicly file a declassified or unclassified factual return or (ii) file under seal with the petitioner's counsel and the appropriate Merits Judge an unclassified factual return highlighting with a colored marker the exact words or lines the government seeks to be deemed protected, as well as a memorandum explaining why each word or line should be protected.

June 1, 2009 Order at 1-2. Respondents were required to comply by July 29, 2009. They have purported to do so in this case. See Docket Entry No. 251, July 29, 2009.

Petitioner contends, however, that respondents' factual return did not comply with the Court's Order. Specifically, according to petitioner, respondents "continue[d] to unilaterally redact information it seeks to *protect* with absolutely no attempt to highlight those materials, to

---

[1] The Court notes that petitioner's motion seeks a "rule to show cause." The motion more properly seeks an "order to show cause."

[2] That Order was issued by Senior Judge Hogan in his capacity as coordinating judge for the Guantanamo Bay detainee cases. This Court consulted with Judge Hogan and concluded that it will address petitioner's motion.

meet and confer, or to explain to the Court (and counsel) why the material (most of which is already in the public domain) should be protected." Pet'r's Mot. for Rule to Show Cause ("Pet'r's Mot.") at 6.  Accordingly, "the Government [] disregard[ed] the procedures set out in this Courts [sic] Order . . . ."  Id. at 4.

In response, respondents maintain that they have in fact abided by the Court's Order.  See Resp't's Opp'n to Pet'r's Mot. for Rule to Show Cause ("Resp't's Opp.") at n.2.  They assert that the "declassified returns redact any properly classified information, as well as information designated as 'protected', which while not classified, implicates significant security or other interests."  Id. at 4.  As a result, "the declassified versions of the unclassified returns were suitable for public release."  Id.  For his part, petitioner concludes that redacting protected information from the public factual returns violates the Court's June 1, 2009 Order.  See Reply to Pet'r's Mot. for Rule to Show Cause ("Pet'r's Reply") at 4.

Petitioner is correct.[3]  Respondents admit they filed public factual returns that redacted not only classified information, but also information designated as protected.  See Resp't's Opp. at 4 & n.2.  But the only procedure for redacting protected information in a public factual return was pursuant to option (ii) of the Court's June 1, 2009 Order.  Yet respondents did not avail themselves of this procedure: they neither "highlight[ed] . . . the exact words or lines" deemed protected, nor filed a "memorandum explaining why each word or line should be protected."  June 1, 2009 Order at 1-2.

---

[3] Petitioner and Respondents debate whether publicly-available information could ever be properly redacted from the public factual returns.  Compare Pet'r's Mot. at 7-8, with Resp't's Opp. at 6-11.  The Court need not reach this issue because respondents have failed to comply with the Court's Order.

Respondents' factual return is improper under option (i) as well. Filing pursuant to option (i) is available where a public factual return redacts <u>only</u> classified information. Respondents, however, suggest otherwise. They question whether the Court would invite "highlighted returns to be filed under seal in each of over 150 cases and the likely rounds of litigation over specific redactions that would have followed such submissions . . . ." Resp't's Opp. at n.2. But this reading of the June 1, 2009 Order is incorrect. If option (i) governed the filing of public factual returns that redacted protected information, option (ii) would be unnecessary -- there would be no reason for the cumbersome procedures detailed in option (ii). Therefore, it is hereby

**ORDERED** that petitioner's motion for an order to show cause is **GRANTED**; it is further

**ORDERED** that respondents must file a factual return in compliance with the Court's June 1, 2009 Order. If respondents wish to redact any information that is not classified, they must do so according to the procedures set forth in option (ii) of the Order; it is further

**ORDERED** that respondents shall have until October 16, 2009, to comply with this Order.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: <u>September 24, 2009</u>