**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

)
**ABDUL HAMID ABDUL** )
**SALAM AL-GHIZZAWI, (ISN 654),** )
)
**Petitioner,** )
)
**v.** )    **Civil Action No. 05-CV-2378 (JDB)**
)
**BARACK OBAMA,** *et al.,* )
)
**Respondents.** )
_____)

**RESPONDENTS' MOTION TO CONTINUE RESPONSE TO THE COURT'S
SEPTEMBER 24, 2009, ORDER CONCERNING PUBLICLY FILED FACTUAL
RETURN PENDING RESOLUTION OF MEDIA INTERVENORS' OMNIBUS MOTION
TO COMPEL COMPLIANCE WITH THE COURT'S ORDER OF JUNE 1, 2009**

Respondents hereby request that the Court continue the deadline for Respondents to

comply with the Court's Order of September 24, 2009 (Dkt. No. 266) ("September 24 Order"),

pending resolution of a motion filed in the coordinated cases by media intervenors that seeks

relief, in this and other Guantanamo detainee *habeas* cases, similar to that provided for in the

Court's September 24 Order.  In the alternative, Respondents seek an extension of time until

November 6, 2009, to comply with the Court's Order.   In support thereof, Respondents state as

follows:

On June 1, 2009, Judge Hogan entered an order in the coordinated cases, *In re:*

*Guantanamo Bay Detainee Litigation,* Misc. No. 08-442, requiring Respondents by July 29,

2009, to

> either (i) publicly file a declassified or unclassified factual return or (ii) file under
> seal with the petitioner's counsel and the appropriate Merits Judge an unclassified
> factual return highlighting with a colored marker the exact words or lines the
> government seeks to be deemed protected, as well as a memorandum explaining
> why each word or line should be protected.

Misc. No. 08-442 (Dkt. no. 1781) ("June 1 Order") at 1-2.  By July 29, 2009, Respondents filed public versions of the factual returns prepared in over 150 cases.

Based upon the motion of Petitioner in the above-captioned case, this Court concluded that Respondents had not complied with the June 1Order and required Respondents by October 16, 2009, to "file a factual return in compliance with the Court's June 1, 2009 Order.  If Respondents wish to redact any information that is not classified, they must do so according to the procedures set forth in option (ii) of the Order."  September 24 Order at 3.

On October 6, 2009, third-party intervenors, the Associated Press, The New York Times Company, and USA Today (herein referred to as the "media intervenors"), filed a motion before Judge Hogan in the coordinated case, Misc. No. 08-442 (Dkt. No. 1868), in which they also challenge the Government's procedure for filing public versions of the factual returns prepared in more than 150 of these cases.  The media intervenors' motion raises issues identical to those addressed by this Court in its September 24 Order.  Specifically, the media intervenors, like Petitioner in this case, ask the Court to compel compliance with the June 1 Order, and in particular to require that Respondents follow the procedure set out in option (ii) of the June 1 Order in every applicable Guantanamo case.

Respondents intend to oppose the media intervenors' motion on at least two grounds. First, Respondents respectfully submit that the media intervenors' reading of the June 1 Order, which this Court adopted in its Order of September 24, disregards the context in which the Order was issued, including the course of prior proceedings in the *habeas* litigation and the issues framed for the Court's decision, and thus is not correct.

Second, if the relief sought by the media intervenors were granted, the resulting diversion of governmental and judicial resources from the litigation of these cases would be tremendous.

Complying with option (ii) of the June 1 Order would necessitate time-intensive review of each individual piece of redacted information in a return to determine whether it is classified, or simply protected.  (This can be a particularly onerous process for information redacted from the narrative, where each statement in the narrative must be cross-referenced to one or more supporting documents to ascertain with certainty whether it is based on classified information .)  Once protected information is segregated from the classified information in the return, "the exact words or lines" the government seeks to protect would have to be highlighted, June 1 Order at 2, and the multiple law enforcement and intelligence agencies whose intelligence reports underlie the return would have to prepare detailed declarations setting forth the justification for the redactions of protected information.

To repeat this process 150 times over would place immense demands on the available personnel resources of the same agencies that are already working at full capacity, or more, to clear classified documents (i) for inclusion in new factual returns (nine alone are due to be filed within approximately the next 30 days), and (ii) for purposes of meeting Respondents' discovery obligations, which recently have been compounded by the requirement to conduct discovery of materials compiled by the Guantanamo Review Task Force, as well as to declassify documents for use by petitioners in merits proceedings.   A diversion of these resources commensurate to the task of preparing 150 public returns in the manner envisioned by the media intervenors, and this Court's September 24 Order, would have a debilitating effect on Respondents' ability to timely file  new returns, comply with their discovery obligations, and clear documents for merits hearings, thus obstructing the progress of the litigation in most if not all the pending cases.  Moreover, the task of adjudicating the propriety of each individual redaction from more than 150

returns could place an enormous burden on the time and resources of the Court, resulting in further delays in the resolution of these cases.

For these reasons, Respondents will oppose the media intervenors' motion to compel compliance (as they see it) with the June 1 Order; and, to seek uniformity of interpretation and application of that Order across all of the pending *habeas* cases, Respondents also will seek reconsideration of this Court's September 24 Order in connection with their opposition to the media intervenors' motion.  Accordingly, Respondents respectfully request that this Court continue the deadline for Respondents' compliance with the September 24 Order pending resolution of the media intervenors' motion by Judge Hogan.[1]

In the event the Court denies Respondents' request for a continuance, then in the alternative Respondents respectfully request an extension of time until November 6, 2009, to comply with the Court's September 24 Order.  Since the Court issued its Order the relevant agencies have been diligently working to prepare a declassified version of the return in accordance with "the procedures set forth in option (ii) of the [June 1] Order," as the Court instructed.  Because of the time-consuming and resource-intensive nature of the process, discussed above, and the competing demands that the *habeas* litigation already places on Respondents' declassification review teams, the process cannot be completed by the current October 16, 2009, deadline.  Respondents estimate, however, that the segregation and highlighting of protected information contained in the return, and the preparation of the needed

---

[1] Respondents' opposition to the media intervenors' motion is currently due to be filed on October 20, 2009.  Respondents intend to seek an extension of that deadline in order to prepare a detailed response, based on the processing of several sample returns, that will illustrate the nature of the information that Respondents seek to protect and quantify the time and effort required to process 150 returns in the manner the media intervenors have requested.

declarations to support the redaction of the information Respondents seek to protect, can be completed within an additional three weeks' time.

WHEREFORE, Respondents respectfully request that this Court continue the deadline for Respondents' compliance with the September 24 Order until such time as the above-described media intervenors' motion in the coordinated case has been resolved. Alternatively, Respondents seek until November 6, 2009, to comply with the September 24 Order.[2]

Dated: October 15, 2009               Respectfully submitted,

                                      TONY WEST
                                      Assistant Attorney General

                                      JOSEPH H. HUNT
                                      Branch Director

                                      TERRY M. HENRY
                                      JAMES J. GILLIGAN
                                      Assistant Branch Director


                                      */s/ Steve R. Matheny*
                                      ANDREW I. WARDEN
                                      SCOTT LEVIN
                                      STEVE R. MATHENY
                                      Attorneys
                                      United States Department of Justice
                                      Civil Division, Federal Programs Branch
                                      20 Massachusetts Avenue, N.W.
                                      Washington, D.C. 20530
                                      Tel: (202) 305-9284
                                      Fax: (202) 305-2685
                                      Email: Steve.Matheny2@usdoj.gov

                                      *Attorneys for Respondents*

---

[2] Pursuant to Local Rule 7(m) counsel for Respondents conferred with Petitioner's counsel regarding this motion, and was advised that Petitioner does not consent to the relief requested herein.