UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDUL HAMID AL-GHIZZAWI,

Petitioner,

v.

BARACK OBAMA, et al.,

Respondents.

Civil Action No. 05-2378 (JDB)

ORDER

Before the Court is [277] respondents' emergency motion to enforce the protective orders in this case, which was filed on November 24, 2009.  The Court granted respondents' motion the following day, but permitted the parties to file supplemental memoranda further addressing the issues raised in the motion.  See November 25, 2009 Order [Docket Entry 278], at 2.  Those supplemental memoranda are now before the Court as well.

The parties' new filings refine the arguments offered in the original briefing, but do not assert new substantive grounds in support of, or in opposition to, respondents' motion.  Hence, the Court concludes that it need not modify its original order granting respondents' motion, which shall remain in effect.  Nevertheless, the parties' supplemental briefing illuminates several issues that the Court did not fully address in its original order.

First, petitioner contends that this Court lacks jurisdiction to address "issues raised in Petitioner's Supreme Court filing."  Pet'r's Supplemental Resp. to Resp'ts' Mot. [Docket Entry 276], at 2-3 (emphasis omitted).  Respondents, however, did not ask this Court to adjudicate the merits of any issues raised in petitioner's Supreme Court habeas petition.  Rather, they asked this

Court to preclude the dissemination of "protected" material that petitioner's counsel obtained during the course of the litigation before this Court. In so doing, respondents sought relief under paragraph 38 of the Protective Order, which provides that counsel "shall not disclose the contents of any protected documents or information to any person, including counsel in related cases brought by Guantanamo Bay detainees in this or other courts." September 11, 2008 Protective Order [Docket Entry 116], at ¶ 38. Accordingly, respondents properly sought recourse here for the disclosure of "protected" information obtained during the course of this litigation.

Second, petitioner's counsel implicitly questions whether the government may even designate information as "protected." She contends that "[t]he essence of the Government's position with respect to the present motion . . . is that there is some nebulous category of 'protected information' that exists in the netherworld somewhere between 'classified information' and 'public information.'" Pet'r's Second Supplemental Resp. to Resp'ts' Mot. [Docket Entry 280], at 3-4. But the Protective Order specifically contemplates "protected" information, detailing when and how the government may designate such information. See Protective Order at ¶ 34. And petitioner's counsel is not without recourse from the government's designation: although she must not disclose information the government deems "protected," she may challenge this designation before the Court. See id.

Third, petitioner's counsel asserts that she should be able to comment on publicly-available information that was once classified or "protected." She offers that precluding her from doing so -- as she contends the government seeks here -- "permit[s] everyone else in the world to discuss this matter except counsel." Pet'r's Opp'n to Resp'ts' Mot. [Docket Entry 274], at 5. That contention is not wholly without merit, but once again, the Protective Order addresses counsel's

concern. Under its terms, petitioner's counsel is precluded from making any statements "disclosing any classified information or documents accessed pursuant to [the] Protective Order, including the fact that such information or documents are classified." Protective Order at ¶ 31. Once classified or "protected" information enters the public domain, however, "counsel is not precluded from making private or public statements about the information already in the public domain . . . to the extent that the information is in fact in the public domain." Id.[1] But counsel's ability to comment on this public material is circumscribed. "Counsel may not make any public or private statements revealing personal knowledge from non-public sources regarding the classified or protected status of the information or disclosing that counsel had personal access to classified or protected information confirming, contradicting, or otherwise relating to the information already in the public domain." Id.

The Protective Order, then, permits counsel to comment on publicly-available classified or "protected" information only as a private citizen. Counsel must divorce any comments about that material from her role as habeas counsel -- neither may she be the source of the publicly-available classified or "protected" information, nor may she reveal that she is aware of this material from protected sources. The Court recognizes the difficulty of balancing these two roles, and the potential limiting effect the requirement has on the ability of counsel to comment publicly on matters regarding the Guantanamo cases. Nevertheless, by this approach the

---

[1] Petitioner's counsel suggests that the government itself has put the information at issue here into the public domain, thereby rendering it "public." But disclosure of "protected" information does not automatically render the information "public." See Fitzgibbon v. CIA, 911 F.2d 755, 765 (D.C. Cir. 1990). If, however, petitioner's counsel wishes to raise this claim, she should do so in a motion. See Protective Order at ¶ 34 ("Petitioners' counsel shall treat . . . information as protected unless and until the Court rules that the information should not be designated as protected.").

Protective Order shows fealty to the First Amendment rights of counsel while protecting the government's significant interest in safeguarding sensitive information relating to the national security.

<u>Fourth</u>, and finally, respondents ask the Court "to take such action as it deems necessary and appropriate to ensure that Petitioner's counsel honors the terms of the Protective Order and related orders entered in this case."  Resp'ts' Supplemental Mem. [Docket Entry 281], at 11.  The Court is confident that the parties will work to fulfill the terms of the Protective Order and the Court's decisions, and accordingly denies this request.

Therefore, it is hereby **ORDERED** that the Court's November 25, 2009 Order shall remain in effect; and it is further

**ORDERED** that respondents' request for action to ensure petitioner's counsel complies with the Protective Order is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: <u>December 16, 2009</u>